# EXHIBIT A

*B.K., et al. v. Eisenhower Medical Center*
Case No. 5:23-cv-02092-JGB-DTB
**Settlement Agreement**

**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Yana Hart (SBN 306499)
*yhart@clarksonlawfirm.com*
Tiara Avaness (SBN 343928)
*tavaness@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

**ALMEIDA LAW GROUP LLC**
John R. Parker, Jr. (SBN 257761)
*jrparker@almeidalawgroup.com*
3550 Watt Avenue, Suite 140
Sacramento, CA 95821
Tel: (916) 616-2936

*Counsel for Plaintiffs and the Proposed Class*

*[Additional counsel listed on signature page]*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.K. and N.Z., individually, and on behalf of all others similarly situated, | Case No.: 5:23-cv-02092-JGB-DTB |
| Plaintiffs, | |
| v. | **SETTLEMENT AGREEMENT** |
| EISENHOWER MEDICAL CENTER, | Action Filed:   10/12/2023 |
| Defendant. | |

1    This Settlement and Release Agreement ("Agreement" or "Settlement
2    Agreement") is entered into by and between Eisenhower Medical Center ("EMC" or
3    "Defendant") and B.K. and N.Z. ("Plaintiffs"), both individually and on behalf of the
4    Settlement Class, in the case of *B.K. and N.Z. v. Eisenhower Medical Center.*, No.
5    5:23-cv-02092-JGB-DTB, currently pending in the United States District Court for
6    the Central District of California (the "Litigation"). Defendant and Plaintiffs are each
7    referred to as a "Party" and are collectively referred to herein as "the Parties."

8    **I.        RECITALS**

9        1.      EMC is a nonprofit healthcare organization that provides healthcare
10   services in California's Coachella Valley.

11       2.      The Litigation arises out of EMC's use of web analytics technologies,
12   through which Plaintiffs allege EMC transmitted certain information about Plaintiffs
13   to third parties.

14       3.      Defendant denies the claims asserted against it in the Litigation, denies
15   all allegations of wrongdoing and liability, and denies all material allegations of the
16   operative First Amended Class Action Complaint, filed on April 22, 2024
17   ("Complaint").

18       4.      Plaintiffs and Class Counsel believe that the legal claims asserted in the
19   Litigation have merit. Class Counsel have investigated the facts relating to the claims
20   and defenses alleged and the underlying events in the Litigation, have made a
21   thorough study of the legal principles applicable to the claims and defenses asserted
22   in the Litigation, and have conducted a thorough assessment of the strengths and
23   weaknesses of the Parties' respective positions.

24       5.      The Parties desire to settle the Litigation and all existing and potential
25   claims arising out of or related to the allegations or subject matter of the Complaint
26   and the Litigation on the terms and conditions set forth herein for the purpose of
27   avoiding the burden, expense, risk, and uncertainty of continuing the Litigation.

28

SETTLEMENT AGREEMENT
CASE NO.: 5:23-CV-02092-JGB-DTB

6.      On October 11, 2024, Counsel for the Parties engaged in a mediation before Martin F. Scheinman. Esq. of Scheinman Arbitration and Mediation Services concerning a possible settlement of the claims asserted or that could have been asserted  in the Litigation.  This mediation resulted in a settlement in principle, the terms of which are reflected in this Settlement Agreement.

7.      Plaintiffs and Class Counsel, on behalf of the Settlement Class, have concluded, based upon their investigation, and taking into account the contested issues involved, the expense and time necessary to prosecute the Litigation through trial, the risks and costs associated with further prosecution of the Litigation, the uncertainties of complex litigation, the desired outcome from continued litigation, and the substantial benefits to be received pursuant to this Settlement Agreement, that a settlement with Defendant on the terms set forth herein is fair and reasonable and in the best interest of Plaintiffs and the Settlement Class.  Plaintiffs and Class Counsel believe that the Settlement confers substantial benefits upon the Settlement Class.

8.      The Parties agree and understand that neither this Settlement Agreement, nor the settlement it represents, shall be construed as an admission by Defendant of any wrongdoing whatsoever, including an admission of a violation of any statute or law or of liability on the claims or allegations in the Litigation or any other similar claims in other proceedings, or that any such claims would be suitable for class treatment.

9.      The Parties, by and through their respective duly authorized counsel of record, and intending to be legally bound hereby, agree that the Litigation, and all matters and the claims in the Complaint, and all matters and claims potentially arising out of or related to the allegations or subject matter of the Complaint and Litigation, shall be fully, finally, and forever settled, and completely released, relinquished, discharged, and compromised, on the merits and with prejudice, upon the following terms and conditions.

## II.        DEFINITIONS

10.    As used herein and in the related documents attached hereto as exhibits, the following terms have the meaning specified below:

a.    "Administration Costs" include all reasonable costs related to carrying out the Notice Program and administering the claims and Settlement Fund distribution process.

b.    "Attorneys' Fees, Costs, and Expenses Award" means the amount of attorneys' fees, expenses, and reimbursement of Litigation Costs awarded by the Court to Class Counsel.

c.    "Claims Deadline" means the deadline for filing claims set at a date certain ninety (90) Days from the Notice Date, as set forth in Paragraph 43.

d.    "Claim Form" means the form members of the Settlement Class must complete and submit on or before the Claims Deadline to be eligible for the benefits described herein, and substantially in the form of **Exhibit A** to this Settlement Agreement.  The Claim Form shall require a sworn affirmation under penalty of perjury but shall not require a notarization or any other form of verification.

e.    "Claims Period" means the period for filing claims up until a date certain ninety (90) Days from the Notice Date.

f.    "Claimants" shall have the meaning given in Paragraph 33.

g.    "Class Counsel" shall mean Ryan Clarkson, Yana Hart, and Tiara Avaness of Clarkson Law Firm, P.C., 22525 Pacific Coast Highway, Malibu, CA 90265-5807 and Matthew J. Langley of Almeida Law Group LLC,249 W. Webster Ave., Chicago, IL 60614.

h.    "Court" means the United States District Court for the Central District of California.

i.    "Day(s)" means calendar days, but does not include the day of the act, event, or default from which the designated period of time begins to run.  Further

1   and notwithstanding the above, when computing any period of time prescribed or

2   allowed by this Settlement Agreement, "Days" includes the last day of the period

3   unless it is a Saturday, a Sunday, or a federal legal holiday, in which event the period

4   runs until the end of the next day that is not a Saturday, Sunday, or federal legal

5   holiday.

6          j.      "Defendant's Counsel" means Paul G. Karlsgodt and Teresa C.

7   Chow of Baker & Hostetler LLP, located at 1801 California Street, Suite 4400,

8   Denver, CO, 80202-2662, and 1900 Avenue of the Stars, Suite 2700, Los Angeles,

9   CA 90067-4301, respectively.

10         k.      "Effective Date" means the date defined in Paragraph 86 of this

11  Settlement Agreement.

12         l.      "E-mail Notice" means the written notice that may be provided

13  via electronic mail, substantially in the form of **Exhibit B** to this Settlement

14  Agreement.

15         m.      "Final" with respect to a judgment or order means that all of the

16  following have occurred: (i) the time expires for noticing any appeal; (ii) if there is

17  an appeal or appeals, completion, in a manner that finally affirms and leaves in place

18  the judgment or order without any material modification, of all proceedings arising

19  out of the appeal or appeals (including, but not limited to, the expiration of all

20  deadlines for motions for reconsideration, rehearing *en banc*, or petitions for review

21  and/or certiorari, all proceedings ordered on remand, and all proceedings arising out

22  of any subsequent appeal or appeals following decisions on remand); and (iii) if there

23  is an appeal or appeals, final dismissal of any appeal or appeals or the final dismissal

24  of any proceeding or proceedings on certiorari.

25         n.      "Final Approval Hearing" means the hearing to determine

26  whether the Settlement should be given final approval and whether the applications

27  of Class Counsel for attorneys' fees, costs, and expenses should be approved.

28

SETTLEMENT AGREEMENT
CASE NO.: 5:23-CV-02092-JGB-DTB

o.    "Final Approval Order" means the order of the Court finally approving this Settlement.

p.    "Final Judgment" means the judgment in the Litigation, entered in connection with the Settlement and Final Approval Order.

q.    "Litigation" means the lawsuit entitled *B.K. and N.Z. v. Eisenhower Medical Center*, No. 5:23-cv-02092-JGB-DTB, currently pending in the United States District Court for the Central District of California, filed on October 12, 2023.

r.    "Litigation Costs" means costs and expenses incurred by Class Counsel in connection with commencing, prosecuting, mediating, settling the Litigation, and obtaining an order of final judgment.

s.    "Long-Form Notice" means the written notice that will be provided on the Settlement Website substantially in the form of **Exhibit C** to this Settlement Agreement.

t.    "Named Plaintiff(s)" means Plaintiff(s), together and individually.

u.    "Notice and Claims Administration Costs" means all approved costs incurred or charged by the Settlement Administrator in connection with providing notice to members of the Settlement Class and administering the Settlement.  This does not include any separate costs incurred directly by Defendant or any of Defendant's attorneys, agents or representatives in this Litigation.

v.    "Net Settlement Fund" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) any taxes owed by the Settlement Fund, (ii) any Administration Costs, (iii) any Service Awards approved by the Court, and (iv) any Attorneys' Fees, Costs, and Expenses Award approved by the Court.

w.    "Notice Date" means a date no later than thirty (30) Days following the Court's entry of the Preliminary Approval Order, by which the Notice

Program shall commence, as set forth in Paragraph 43.

x.    "Notice Program" means the notice program described in Section VIII.

y.    "Objection Deadline" shall mean the date sixty (60) Days from the Notice Date.

z.    "Opt-out Date" shall mean the date sixty (60) Days from the Notice Date.

aa.    "Parties" means Plaintiffs collectively and Defendant, and a "Party" means one of the Plaintiffs or the Defendant.

bb.    "Plaintiffs' Released Claims" means all claims and other matters released in and by Section XVI of this Settlement Agreement.

cc.    "Postcard Notice" means the written notice that may be provided via United States Mail substantially in the form of **Exhibit D** to this Settlement Agreement.

dd.    "Preliminary Approval Date" means the date the Preliminary Approval Order has been executed and entered by the Court.

ee.    "Preliminary Approval Order" means the order certifying the proposed Class for settlement purposes, preliminarily approving this Settlement Agreement, approving the Notice Program, and setting a date for the Final Approval Hearing, entered in a format the same as or substantially similar to that of the Proposed Preliminary Approval Order attached hereto as **Exhibit E**.

ff.    "Related Entities" means EMC's past or present parents, subsidiaries, divisions, and related or affiliated entities of any nature whatsoever, whether direct or indirect, as well as each of EMC's and these entities' respective predecessors, successors, members, directors, officers, non-Settlement Class Member employees, principals, agents, attorneys, providers, customers, insurers, and reinsurers, and includes, without limitation, any person related to any such entity who is, was, or could have been named as a defendant in this Litigation.

7

gg.    "Released Claims" means all of Plaintiffs' Released Claims and Released Class Claims.

hh.    "Released Class Claims" means all class claims and other matters released in and by Section XVI of this Settlement Agreement.

ii.    "Released Persons" means Defendant and the Related Entities, and each of their present and former parents, subsidiaries, divisions, departments, affiliates, predecessors, successors, assigns, insurers, and each of the foregoing's former or present directors, trustees, officers, non-Settlement Class Member employees, representatives, agents, providers, consultants, advisors, attorneys, accountants, partners, vendors, customers, insurers, reinsurers, and subrogees.

jj.    "Settlement" means the settlement reflected by this Settlement Agreement.

kk.    "Settlement Administrator" means the class action settlement administrator retained to carry out the notice plan and administer the claims and settlement fund distribution process.  After reviewing bids, the Parties, subject to Court approval, have agreed to use  EAG Gulf Coast LLC ("EAG")  as Settlement Administrator in this matter.

ll.    "Settlement Agreement" means this Settlement Agreement, including releases and all exhibits hereto.

mm.   "Settlement Class" means all identifiable individuals who logged into the EMC MyChart patient portal, and/or submitted an online form and/or scheduled a laboratory appointment on EMC's public website www.eisenhowerhealth.org ("Website"), in the time frame of January 1, 2019 to May 3, 2023.  Excluded from the Class are EMC and its affiliates, parents, subsidiaries, officers, and directors, as well as the judge(s) presiding over this matter and the clerks of said judge(s).  This exclusion does not apply, and should not be read to apply, to otherwise eligible employees of EMC and its Related Entities who do not timely submit valid notices of intent to opt out of being Settlement Class Members as

8

described in Section X below. To the best of EMC's knowledge, the Settlement Class is comprised of approximately 190,392 members.

nn.    "Settlement Class Member[s]" means all persons who are members of the Settlement Class.

oo.    "Settlement Fund" means the non-reversionary sum of Eight Hundred Seventy-Five Thousand Dollars And No Cents ($875,000.00), to be paid by Defendant as specified in this Agreement, including any interest accrued thereon after payment.

pp.    "Settlement Website" means a dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Long-Form Notice, Postcard Notice, E-mail Notice, and the Claim Form, among other things as agreed upon by the Parties and approved by the Court as required.

## III.    CERTIFICATION OF THE SETTLEMENT CLASS

11.    For settlement purposes only, the Parties will request that the Court certify the Settlement Class.

12.    If this Settlement Agreement is terminated or disapproved, or if the Effective Date should not occur for any reason, then the Parties' request for certification of the Settlement Class will be withdrawn and deemed to be of no force or effect for any purpose in this or any other proceeding.

## IV.    THE SETTLEMENT FUND

13.    The Settlement Fund: Defendant agrees to make a payment of Eight Hundred Seventy-Five Thousand Dollars and No Cents ($875,000.00) and deposit that payment into the Settlement Fund as follows: (i) reasonable anticipated Administration Costs (the "Initial Payment") no later than thirty (30) Days after entry of the Preliminary Approval Order; and (ii) the balance of the Settlement Fund—*i.e.*, Eight Hundred Seventy-Five Thousand Dollars and No Cents ($875,000.00) less the amount of the Initial Payment—no later than thirty (30) Days after entry of the Final

9

Approval Order. For the avoidance of doubt, and for purposes of this Settlement Agreement only, Defendant's liability shall not exceed Eight Hundred Seventy-Five Thousand Dollars and No Cents ($875,000.00), inclusive of Administration Costs; attorneys' fees, costs, and expenses; and service awards to the Named Plaintiffs. The timing set forth in this provision is contingent upon the receipt of a W-9 and payment instructions from the Settlement Administrator for the Settlement Fund no later than the date that the Preliminary Approval Order is entered. If Defendant does not receive the W-9 and payment instructions by the date that the Preliminary Approval Order is entered, the Initial Payment specified by this paragraph shall be made within thirty (30) Days after EMC receives the W-9 and payment instructions.

14.    Custody of the Settlement Fund: The Settlement Fund shall be deposited in an appropriate trust account established by the Settlement Administrator but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Agreement or returned to those who paid the Settlement Fund in the event this Agreement is voided, terminated, or cancelled.

a.    In the event this Agreement is voided, terminated, or cancelled due to lack of approval from the Court or any other reason: (i) the Class Representatives and Class Counsel shall have no obligation to repay to EMC any of the Notice Program and Claims Administration Costs that have been paid or incurred in accordance with the terms and conditions of this Agreement; (ii) any amounts remaining in the Settlement Fund, including all interest earned on the Settlement Fund net of any taxes, shall be returned to Defendant within ten (10) Days of the final order denying approval of the Settlement; and (iii) no other person or entity shall have any further claim whatsoever to such amounts. The Parties will cooperate in good faith in an effort to obtain final approval of the Settlement including to reach agreement on any modification to the Settlement necessary to obtain final approval.

15.     Non-Reversionary: This Settlement is not a reversionary settlement.  As of the Effective Date, all rights of Defendant in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is voided, cancelled, or terminated, as described in Section XV of this Agreement.  In the event the Effective Date occurs, no portion of the Settlement Fund shall be returned to Defendant.

16.     Use of the Settlement Fund: As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for: (i) any taxes owed by the Settlement Fund, (ii) any Administration Costs; (iii) any Service Awards approved by the Court, (iv) any Attorneys' Fees, Costs, and Expenses Award as approved by the Court, and (v) any benefits to Settlement Class Members, pursuant to the terms and conditions of this Agreement.

17.     Financial Account: The Settlement Fund shall be an account established and administered by the Settlement Administrator, at a financial institution recommended by the Settlement Administrator and approved by Class Counsel and Defendant's Counsel and shall be maintained as a qualified settlement fund pursuant to Treasury Regulation § 1.468 B-1, et seq.

18.     Payment/Withdrawal Authorization: No amounts may be withdrawn from the Settlement Fund unless (i) expressly authorized by the Settlement Agreement, or (ii) as may be  approved by the Court.

19.     Payments to Class Members: The Settlement Administrator, subject to such supervision and direction of the Court and Class Counsel as may be necessary or as circumstances may require, shall administer and oversee distribution of the Net Settlement Fund to Claimants pursuant to this Agreement.

20.     Treasury Regulations and Fund Investment: The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of

the Settlement Fund and paying from the Settlement Fund any taxes owed by the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC") at a financial institution determined by the Settlement Administrator and approved by the Parties. Funds may be placed in a non-interest-bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

21. Taxes: All taxes owed by the Settlement Fund shall be paid out of the Settlement Fund, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for taxes (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

22. Limitation of Liability

a. Defendant and its counsel shall not have any responsibility for or liability whatsoever with respect to (i) any act, omission, or determination of Class Counsel, the Settlement Administrator, or any of their respective designees or agents,

1   in connection with the administration of the Settlement or otherwise; (ii) the

2   management, investment or distribution of the Settlement Fund; (iii) the formulation,

3   design, or terms of the disbursement of the Settlement Fund; (iv) the determination,

4   administration, calculation, or payment of any claims asserted against the Settlement

5   Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund;

6   or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred in

7   connection with the taxation of the Settlement Fund or the filing of any returns.

8   Defendant also shall have no obligation to communicate with Settlement Class

9   Members and others regarding amounts paid under the Settlement.

10          b.      The Class Representatives and Class Counsel shall not have any

11  liability whatsoever with respect to (i) any act, omission, or determination of the

12  Settlement Administrator, or any of their respective designees or agents, in

13  connection with the administration of the Settlement or otherwise; (ii) the

14  management, investment, or distribution of the Settlement Fund; (iii) the formulation,

15  design, or terms of the disbursement of the Settlement Fund; (iv) the determination,

16  administration, calculation, or payment of any claims asserted against the Settlement

17  Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund;

18  or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred in

19  connection with the taxation of the Settlement Fund or the filing of any returns.

20  **V.          EQUITABLE RELIEF**

21          23.     Defendant shall create and maintain a Web Governance Committee to

22  assess the implementation and use of analytics and advertising technologies on the

23  Website to evaluate whether such use is consistent with Defendant's mission and

24  applicable law. While continuing to deny liability, Defendant agrees that for two (2)

25  years following final approval of the Settlement, Defendant shall not use the Meta

26  Pixel or Google Analytics source code on its Website unless the Web Governance

27  Committee makes the requisite determination under 45 CFR § 164.514(b)(1) and

28  Defendant makes an affirmative disclosure posted on the webpage(s) on its Website

that the tool(s) is/are being used on the Website, by name.

## VI.        BENEFITS TO SETTLEMENT CLASS MEMBERS

24.    Settlement Class Members must submit a valid Claim Form in order to receive a settlement benefit.  Claims will be subject to review for completeness and plausibility by the Settlement Administrator.   For claims deemed invalid, the Settlement Administrator will provide claimants an opportunity to cure in the manner set forth below.

25.    All Settlement Class Members who submit a valid claim form will receive a *pro rata* share of the Net Settlement Fund, which will be paid in accordance with Paragraph 16 above and Paragraph 35 below ("Cash Compensation").

## VII.        SETTLEMENT ADMINISTRATION

26.    All agreed upon Administration Costs for the Settlement will be paid from the Net Settlement Fund.

27.    The Parties agreed to solicit, and did solicit, competitive bids for settlement administration, to rely upon e-mail addresses to the extent possible, and mailing addresses as set forth in Paragraph 43, in order to contain the Administration Costs while still providing effective notice to the Settlement Class Members.

28.    The Settlement Administrator will provide written notice of the Settlement terms to all Settlement Class Members as follows: (i) the E-mail Notice via the most recent e-mail address associated with the Settlement Class Member in EMC's records; and (ii) if there is no valid e-mail address, the Postcard Notice via United States Mail to the most recent mailing address associated with that Settlement Class Member in EMC's records.

29.    The Settlement Administrator will cause the Notice Program to be effectuated in accordance with the terms of the Settlement Agreement and any orders of the Court.  The Settlement Administrator may request the assistance of the Parties to facilitate providing notice and to accomplish such other purposes as may be approved by both Class Counsel and Defendant's Counsel.    The Parties shall

14

reasonably cooperate with such requests.

30.    The Settlement Administrator will administer the claims process in accordance with the terms of the Settlement Agreement and any additional processes agreed to by both Class Counsel and Defendant's Counsel, subject to the Court's supervision and direction as circumstances may require.

31.    To make a claim, a Settlement Class Member must complete and submit a valid, timely, and sworn Claim Form. The Claim Form shall be submitted online at the Settlement Website or via mail to the Settlement Administrator.

32.    The Settlement Administrator will review and evaluate each Claim Form, including any required documentation submitted, for validity, timeliness, and completeness.

33.    If, in the determination of the Settlement Administrator, the Settlement Class Member submits a timely but incomplete or inadequately supported Claim Form, the Settlement Administrator shall give the Settlement Class Member notice of the deficiencies, and the Settlement Class Member shall have twenty-one (21) Days from the date of the written notice to cure the deficiencies. The Settlement Administrator will provide notice of deficiencies concurrently to Defendant's Counsel and Class Counsel. If the defect is not cured within the 21- Day period, then the Claim will be deemed invalid. All Settlement Class Members who submit a valid and timely Claim Form, including a Claim Form deemed defective but timely cured, shall be considered "Claimants."

34.    The Settlement Administrator will maintain records of all Claim Forms submitted until three hundred and sixty (360) Days after entry of the Final Judgment. Claim Forms and supporting documentation may be provided to the Court upon request and to Defendant, Class Counsel and Defendant's Counsel to the extent necessary to resolve claims determination issues pursuant to this Settlement Agreement. Class Counsel or the Settlement Administrator will provide other reports or information that the Court may request or that the Court or Defendant's Counsel

15

1    may reasonably require.

2        35.    Subject to the terms and conditions of this Settlement Agreement, no

3    later than thirty (30) Days after the Effective Date, the Settlement Administrator shall

4    make a digital or electronic payment, or issue a check by mail ("Claim Payment") to

5    each Claimant for their *pro rata* share of the Net Settlement Fund, in accordance with

6    the following distribution procedures:

7            a.    The Settlement Administrator shall utilize the Net Settlement

8    Fund to make all Cash Compensation payments as described in Paragraphs 24 and

9    25. The amount of each Cash Compensation payment shall be calculated by dividing

10   the Net Settlement Fund by the number of valid claims for Cash Compensation.

11       36.    Each Claim Payment shall be direct deposited to the bank account

12   provided by the Claimant on his or her Claim Form, or by other electronic means

13   provided by the Claimant on his or her Claim Form. Settlement Class Members may

14   also elect to receive payment by physical check.

15       37.    To the extent any monies remain in the Net Settlement Fund more than

16   one hundred twenty (120) Days after the issuance of Claim Payments to the

17   Claimants, the parties will discuss if second distribution to the Court-approved

18   Claimants is feasible and, if not, they will propose a *cy pres* recipient.

19       38.    For any Claim Payment returned to the Settlement Administrator as

20   undeliverable, the Settlement Administrator shall make reasonable efforts to find

21   valid electronic payment information and resend the Claim Payment within thirty

22   (30) Days after the payment is returned to the Settlement Administrator as

23   undeliverable. The Settlement Administrator shall only make one attempt to resend

24   a Claim Payment.

25       39.    Except as expressly set forth herein, no portion of the Net Settlement

26   Fund shall revert or be repaid to Defendant after the Effective Date. Any residual

27   funds remaining in the Net Settlement Fund, after all payments and distributions are

28   made pursuant to the terms and conditions of this Agreement shall be distributed

1    according to the provisions outlined in Paragraph 37.

2    **VIII.       NOTICE TO SETTLEMENT CLASS MEMBERS**

3        40.    The Parties agree the following Notice Program provides reasonable

4    notice to the Settlement Class.

5        41.    Direct Notice shall be provided to Settlement Class Members via the

6    most recent e-mail address associated with each Settlement Class Member in EMC's

7    records or, if no e-mail address is available, via United States mail to such Settlement

8    Class Members' most recent mailing address in EMC's records.

9        42.    Within fifteen (15) Days of entry of the Preliminary Approval Order,

10   Defendant shall provide the Settlement Administrator with the names and the most

11   recent e-mail address and/or mailing address associated with each Settlement Class

12   Member for the Settlement Class Members (the "Class List").   The Settlement

13   Administrator shall perform an email cleanse and skip trace of the Class List prior to

14   sending the E-mail Notice or Postcard Notice.

15       43.    No later than the Notice Date, which shall be within thirty (30) Days

16   following entry of the Preliminary Approval Order, the Settlement Administrator

17   shall provide the E-Mail Notice via the most recent e-mail address associated with

18   each Settlement Class Member's in EMC's records("E-Mail Population").  If there

19   is no e-mail address on record for a Settlement Class Member, the Settlement

20   Administrator shall mail the Postcard Notice, attached as **Exhibit D**, to the

21   Settlement Class Member's most recent mailing address in EMC's records ("Mail

22   Population").   For those e-mails to the E-Mail Population that bounce back, the

23   Settlement Administrator shall promptly perform an in-depth search for a valid e-

24   mail address and resend the E-Mail Notice to that updated e-mail address. If any

25   Postcard Notice to the Mail Population is returned to the Settlement Administrator

26   with a forwarding address, it will be automatically re-mailed to the updated address.

27   If the Postcard Notice is returned without a forwarding address, it will be sent through

28   an advanced address search process in an effort to find a more current address for the

record.  If an updated address is obtained through the advanced search process, the Settlement Administrator will re-mail the Postcard Notice to the updated address. In addition, Notice will be disseminated through the Settlement Website.

44.    No later than thirty (30) Days following entry of the Preliminary Approval Order, and prior to sending the E-Mail Notice or postcard notice to all Settlement Class Members, the Settlement Administrator will create a dedicated Settlement Website.  The Settlement Website will include a toll-free telephone number and mailing address through which the Settlement Administrator can be contacted. The Settlement Administrator shall cause the Complaint, Long-Form Notice, E-mail Notice, Postcard Notice, Claim Form, this Settlement Agreement, and other relevant settlement and court documents to be available on the Settlement Website.  Any other content proposed to be included or displayed on the Settlement Website shall be approved in advance by Class Counsel and Defendant's Counsel, which approval shall not be unreasonably withheld.

45.    Claimants shall submit their claims via the Settlement Website.

46.    The Settlement Website shall be maintained from the Notice Date until at least sixty (60) Days after the Claims Deadline has passed.

47.    Claim Forms shall be returned or submitted to the Settlement Administrator online or be forever barred unless such claim is otherwise approved by the Court at the Final Approval Hearing, for good cause shown as demonstrated by the applicable Settlement Class Member.

48.    Prior to the Final Approval Hearing, the Settlement Administrator shall provide to Class Counsel to file with the Court, an appropriate affidavit or declaration from the Settlement Administrator concerning compliance with the Court-approved Notice Program.

**IX.      OBJECTIONS TO THE SETTLEMENT**

49.    Any Settlement Class Member who wishes to object to the proposed Settlement Agreement must file with the Court and serve a written objection(s) to the

Settlement ("Objection(s)") on the Settlement Administrator, at the address set forth in the Long-Form Notice.

50.    Each Objection must (i) set forth the Settlement Class Member's full name, current address, telephone number, and email address; (ii) contain the Settlement Class Member's original signature; (iii) contain proof that the Settlement Class Member is a member of the Settlement Class (*e.g.*, copy of settlement notice or confirmation of online form submission or laboratory appointment scheduling); (iv) state that the Settlement Class Member objects to the Settlement, in whole or in part; (v) set forth a statement of the legal and factual basis for the Objection; (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; (vii) identify all counsel representing the Settlement Class Member, if any; (viii) contain the signature of the Settlement Class Member's duly authorized attorney or other duly authorized representative; and (ix) contain a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement.

51.    Objections must be filed with the Court and served on the Settlement Administrator no later than the Objection Deadline.  The Objection Deadline shall be included in the Long-Form Notice.

52.    Class Counsel and Defendant's Counsel may, but need not, respond to the Objections, if any, by means of a memorandum of law served prior to the Final Approval Hearing.

53.    An objecting Settlement Class Member has the right, but is not required, to attend the Final Approval Hearing.  If an objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he or she must also notify the Court (as well as Class Counsel and Defendant's Counsel) by the Objection Deadline.

a.      If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, he or she must also identify the attorney(s) representing the objecting Settlement Class Member who will appear at the Final Approval Hearing and include the attorney(s) name, address, phone number, e-mail address, state bar(s) to which counsel is admitted, as well as associated state bar numbers in his or her Objection.

b.      Any Settlement Class Member who fails to timely file and serve an Objection and notice, if applicable, of his or her intent to appear at the Final Approval Hearing in person or through counsel pursuant to this Settlement Agreement, as detailed in the Long-Form Notice, and otherwise as ordered by the Court, shall not be permitted to appear and be heard at the Final Approval Hearing, but such Settlement Class Member's written Objection may be considered by the Court in ruling on any motion for final approval.

54.    Any Settlement Class Member who does not submit a timely Objection in complete accordance with this Settlement Agreement and the Long-Form Notice, or as otherwise ordered by the Court, shall not be treated as having filed a valid Objection to the Settlement, shall forever be barred from raising any objection to the Settlement, and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

## X.      OPT OUT PROCEDURES

55.    Each Settlement Class Member wishing to opt out of the Settlement Class shall individually sign and timely submit written notice of such intent to the address set forth in the Long-Form Notice. To be effective, written notice: (a) shall be postmarked no later than the Opt-Out Date; (b) shall state the name, address, and telephone number of the Settlement Class Member seeking exclusion; (c) shall be physically signed by the Settlement Class Member seeking exclusion; and (d) must contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *B.K. et al. v. Eisenhower Medical Center,* No. 5:23-cv-

02092-JGB-DTB (C.D. Cal).” Any person who submits a valid and timely exclusion request shall not (i) be bound by any orders or Judgment entered in the Actions, (ii) be entitled to relief under this Agreement, or (iii) be entitled to object to any aspect of this Agreement. No person may request to be excluded from the Settlement Class through “mass” or “class” opt-outs.

56.    All Settlement Class Members who submit valid and timely notices of their intent to opt out of the Settlement Class, as set forth in Paragraph 55 above, referred to herein as “Opt-Outs,” shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not opt-out of the Settlement Class in the manner set forth in Paragraph 55 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

57.    The notice of intent to opt out and Objection procedures shall be detailed in plain language in the Long Form Notice  and on the Settlement Website.

## XI.    ATTORNEYS’ FEES, COSTS, EXPENSES, AND SERVICE AWARDS

58.    Class Counsel intends to seek reimbursement of their reasonable attorneys’ fees and costs not to exceed Two Hundred and Eighty-Eight Thousand, Seven Hundred and Fifty Dollars and No Cents ($288,750.00) or thirty-three percent (33%) of the total value of the Settlement Fund for attorneys’ fees, plus reasonable documented costs and expenses up to Twenty Thousand Dollars and No Cents ($20,000.00) incurred in prosecuting the Litigation.  Class Counsel’s attorneys’ fees, costs, and expenses awarded by the Court shall be paid no later than thirty (30) Days after entry of the Final Approval Order, notwithstanding any appeals or any other proceedings which may delay the Effective Date of the Settlement.  For the avoidance of doubt, the Court-approved amount of any attorneys’ fees, costs, and expenses shall be paid from the Settlement Fund. The Parties did not discuss or agree upon payment of attorneys’ fees and costs until after they agreed on all materials terms of relief to

the Settlement Class.

59.     Class Counsel shall request the Court to approve a service award of Two Thousand, Five Hundred Dollars and No Cents ($2,500.00) for each of the named Plaintiffs, B.K. and N.Z., which award is intended to recognize Plaintiffs for their efforts in the litigation and commitment on behalf of the Settlement Class ("Service Award(s)").  If approved by the Court, the Service Awards will be paid no later than thirty (30) Days after entry of the Final Approval Order.  For the avoidance of doubt, the Court approved amount for any Service Awards shall be paid from the Settlement Fund.  The Parties did not discuss or agree upon payment of service awards until after they agreed on all materials terms of relief to the Settlement Class.

60.     Class Counsel will file applications with the Court for the requested Service Awards and attorneys' fees, costs, and expenses no later than fourteen (14) Court Days prior to the Objection Deadline.

61.     The Parties agree that the Court's approval or denial of any request for the Service Awards or attorneys' fees are not conditions to this Settlement Agreement and are to be considered by the Court separately from final approval, reasonableness, and adequacy of the settlement.  Any reduction to the Service Awards or award of attorneys' fees, costs, or expenses shall not operate to terminate or cancel this Settlement Agreement.

**XII.     NOTICES**

62.     All notices to the Parties required by the Settlement Agreement shall be made in writing and communicated by mail to the following addresses:

/ / /

/ / /

/ / /

SETTLEMENT AGREEMENT
CASE NO.: 5:23-CV-02092-JGB-DTB
Doc ID: 88f3b57959f75572e6b05340fe64be05572823f1

All notices to Class Counsel or Plaintiffs shall be sent to:

Ryan J. Clarkson
Yana A. Hart
Tiara Avaness
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265-5807
Telephone:  213.788.4050
Facsimile:  213.788.4070
Email:      *rclarkson@clarksonlawfirm.com*
            *yhart@clarksonlawfirm.com*
            *tavaness@clarksonlawfirm.com*

*and*

Matthew J. Langley
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
Telephone:  312.576.3024
Email:      *matt@almeidalawgroup.com*

All notices to Defendant's Counsel or Defendant shall be sent to:

Paul G. Karlsgodt
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, Colorado, 80202-2662
Telephone:  303.861.0600
Facsimile:  303.861.7805
Email:      *PKarlsgodt@bakerlaw.com*

*and*

Teresa C. Chow
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA  90067-4508
Telephone:  310.820.8800
Facsimile:  310.820.8859
Email:      *tchow@bakerlaw.com*

63.    Other    than    attorney-client    communications    or    communications otherwise protected from disclosure pursuant to law or rule, the Parties shall promptly provide to each other copies of comments, Objections, or other documents or filings received from a Settlement Class Member as a result of the Notice Program.

23

**XIII.     SETTLEMENT APPROVAL PROCESS**

64.     After execution of this Settlement Agreement, the Parties shall promptly move the Court to enter the Preliminary Approval Order, which:

      a.     Preliminarily approves this Settlement Agreement;

      b.     Provisionally certifies the Settlement Class;

      c.     Finds the proposed settlement is sufficiently fair, reasonable, adequate, and in the best interests of the Settlement Class;

      d.     Finds the Notice Program constitutes valid, due, and sufficient notice to the Settlement Class Members, and constitutes the best notice practicable under the circumstances, complying fully with the requirements of the laws of California, the United States, the Constitution of the United States, and any other applicable law and that no further notice to the Class is required beyond that provided through the Notice Program;

      e.     Appoints the Settlement Administrator;

      f.     Directs the Settlement Administrator to provide notice to Settlement Class Members in accordance with the Notice Program provided for in this Settlement Agreement;

      g.     Approves the Claim Form and directs the Settlement Administrator to administer the Settlement in accordance with the provisions of this Settlement Agreement;

      h.     Approves the Objection procedures as outlined in this Settlement Agreement;

      i.     Schedules a Final Approval Hearing to consider the final approval, reasonableness, and adequacy of the proposed settlement and whether it should be finally approved by the Court; and

      j.     Contains any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement.

## XIV.    FINAL APPROVAL HEARING

65.    The Parties will recommend that the Final Approval Hearing shall be scheduled no earlier than one hundred thirty (130) Days after the entry of the Preliminary Approval Order.

66.    The Parties may file a response to any objections and a Motion for Final Approval no later than fourteen (14) Court Days prior to the Final Approval Hearing.

67.    Any Settlement Class Member who wishes to appear at the Final Approval Hearing, whether pro se or through counsel, must, by the Objection Deadline, either mail, hand-deliver, or e-mail to the Court or file a notice of appearance in the Litigation, take all other actions or make any additional submissions as may be required in the Long-Form Notice, this Settlement Agreement, or as otherwise ordered by the Court, and serve that notice and any other such pleadings to Class Counsel and Defendant's Counsel as provided in the Long-Form Notice.

68.    The Parties shall ask the Court to enter a Final Approval Order and Judgment which includes the following provisions:

a.    A finding that the Notice Program fully and accurately informed all Settlement Class Members entitled to notice of the material elements of the settlement, constitutes the best notice practicable under the circumstances, constitutes valid, due, and sufficient notice, and complies fully with the laws of California, the United States Constitution, and any other applicable law;

b.    A finding that after proper notice to the Class, and after sufficient opportunity to object, no timely objections to this Settlement Agreement have been made, or a finding that all timely objections have been considered and denied;

c.    Approval of the settlement, as set forth in the Settlement Agreement, as fair, reasonable, adequate, and in the best interests of the Class, in all respects, finding that the settlement is in good faith, and ordering the Parties to perform the Settlement in accordance with the terms of this Settlement Agreement;

d.    A finding that neither the Final Judgment, the settlement, nor the Settlement Agreement shall constitute an admission of liability by any of the Parties, or any liability or wrongdoing whatsoever by any Party;

e.    A finding that Plaintiffs shall, as of the entry of the Final Judgment, conclusively be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from the Plaintiffs' Released Claims;

f.    A finding that all Settlement Class Members, excluding Opt-Outs, shall, as of the entry of the Final Judgment, conclusively be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from the Released Class Claims; and

g.    A reservation of exclusive and continuing jurisdiction over the Litigation and the Parties for the purposes of, among other things, (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Preliminary Approval Order, and the Final Judgment; and (ii) supervising the administration and distribution of the relief to the Settlement Class and resolving any disputes that may arise with regard to the foregoing.

69.    The Parties agree to bear their own attorneys' fees, costs, and expenses not otherwise awarded in accordance with this Settlement Agreement.

**XV.        TERMINATION OF THIS SETTLEMENT AGREEMENT**

70.    Each Party shall have the right to terminate this Settlement Agreement if:

a.    The Court denies preliminary approval of this Settlement Agreement (or grants preliminary approval through an order that materially differs in substance to **Exhibit E** hereto);

b.    The Court denies final approval of this Settlement Agreement (or grants final approval through an order that materially differs in substance from **Exhibit F** hereto);

c.    The Final Approval Order and Final Judgment do not become final by reason of a higher court reversing final approval by the Court, and the Court thereafter declines to enter a further order or orders approving the settlement on the terms set forth herein; or

d.    The Effective Date cannot occur.

71.    The Parties agree to work in good faith to effectuate this Settlement Agreement including to reach agreement on any modification to the Settlement necessary to obtain final approval.

72.    If a Party elects to terminate this Settlement Agreement under this Section XV, that Party must provide written notice to the other Party's counsel, by hand delivery, mail, or e-mail within ten (10) Days of the occurrence of the condition permitting termination.

73.    Nothing shall prevent Plaintiffs or Defendant from appealing or seeking other appropriate relief from an appellate court with respect to any denial by the Court of final approval of the Settlement.  Plaintiffs may appeal any material reduction in the requested amount of attorneys' fees and/or costs.

74.    If this Settlement Agreement is terminated or disapproved, or if the Effective Date should not occur for any reason, then: (i) this Settlement Agreement, the Preliminary Approval Order, the Final Approval Order (if applicable), and all of their provisions shall be rendered null and void; (ii) all Parties shall be deemed to have reverted to their respective status in the Litigation as of the date and time immediately preceding the execution of this Settlement Agreement; (iii) except as otherwise expressly provided, the Parties shall stand in the same position and shall proceed in all respects as if this Settlement Agreement and any related orders had never been executed, entered into, or filed; and (iv) no term or draft of this Settlement Agreement nor any part of the Parties' settlement discussions, negotiations, or documentation (including any declaration or brief filed in support of the motion for

27

1  preliminary approval or motion for final approval), nor any rulings regarding class

2  certification for settlement purposes (including the Preliminary Approval Order and,

3  if applicable, the Final Approval Order and Final Judgment), will have any effect or

4  be admissible into evidence for any purpose in the Litigation or any other proceeding.

5       75.   If the Court does not approve the Settlement or the Effective Date cannot

6  occur for any reason, Defendant shall retain all its rights and defenses in the

7  Litigation.  For example, Defendant shall have the right to object to the maintenance

8  of the Litigation as a class action, to move for summary judgment, and to assert

9  defenses at trial, and nothing in this Settlement Agreement or other papers or

10  proceedings related to the Settlement shall be used as evidence or argument by any

11  Party concerning whether the Litigation may properly be maintained as a class action,

12  or for any other purpose.

13       76.   If more than one thousand (1,000) Settlement Class Members submit

14  valid opt-out forms, EMC may, at its sole discretion, void the Settlement Agreement.

15  However, EMC shall pay all costs of Settlement Administration incurred by the

16  Settlement Administrator up to the date it voids the Settlement.

17  **XVI.**     **RELEASE**

18       77.   On the Effective Date, Plaintiffs and each and every Settlement Class

19  Member, excluding Opt-Outs, shall be bound by this Settlement Agreement and shall

20  have recourse only to the benefits, rights, and remedies provided hereunder.  No other

21  action, demand, suit, arbitration, or other claim or proceeding, regardless of forum,

22  may be pursued against Released Persons with respect to the Plaintiffs' Released

23  Claims or the Released Class Claims. Released Claims do not include medical

24  malpractice, or other bodily injury claims, or claims relating to the enforcement of

25  the settlement.

26       78.   On the Effective Date and in consideration of the promises and

27  covenants set forth in this Settlement Agreement, Plaintiffs will be deemed to have

28  fully, finally, and forever completely released, relinquished, and discharged the

Released Persons from any and all past, present, and future claims, counterclaims, lawsuits, set-offs, costs, expenses, attorneys' fees and costs, losses, rights, demands, charges, complaints, actions, suits, causes of action, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, known, unknown, or capable of being known, in law or equity, fixed for contingent, accrued or unaccrued and matured or not matured that were or could have been asserted in the Litigation (the "Plaintiffs' Release"). The Plaintiffs' Release shall be included as part of the Final Approval Order so that all claims released thereby shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion (the "Plaintiffs' Released Claims"). The Plaintiffs' Released Claims shall constitute and may be pled as a complete defense to any proceeding arising from, relating to, or filed in connection with the Plaintiffs' Released Claims.

79.    On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, each Settlement Class Member will be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from any and all past, present, and future claims, counterclaims, lawsuits, set-offs, costs, expenses, attorneys' fees and costs, losses, rights, demands, charges, complaints, actions, suits, causes of action, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, in law or equity, fixed or contingent, accrued or unaccrued and matured or not matured that were or could have been asserted in the Litigation (the "Settlement Class Release"). The Settlement Class Release shall be included as part of the Final Approval Order so that all claims released thereby shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion (the "Released Class Claims," and together with Plaintiffs' Released Claims, the "Release Claims"). The Released Class Claims shall constitute and may be pled as a complete defense to any proceeding arising from, relating to, or filed in connection with the Released Class Claims.

80.    Subject to Court approval, as of the Effective Date, Plaintiffs and all Settlement Class Members, excluding Opt-Outs, shall be bound by this Settlement Agreement and the Settlement Class Release

81.    The Plaintiffs' Released Claims include the release of Unknown Claims. "Unknown Claims" means any of the Released Claims that either Plaintiff does not know or suspect to exist in his or her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or to participate in the Settlement.

82.    With respect to any and all Plaintiffs' Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Plaintiffs expressly shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims.  The Parties acknowledge that the foregoing waiver is a material element of the Settlement Agreement.

83.    On entry of the Final Approval Order and Final Judgment, the Plaintiffs and Settlement Class Members shall be enjoined from prosecuting, respectively, the Plaintiffs' Released Claims and the Released Class Claims, in any proceeding in any forum against any of the Released Persons or based on any actions taken by any Released Persons authorized or required by this Settlement Agreement or the Court or an appellate court as part of this Settlement.

84.    Without in any way limiting the scope of the Plaintiffs' Release or the Settlement Class Release (the "Releases"), the Releases cover, without limitation, any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to the Litigation, the Settlement, the administration of such Settlement and/or the Plaintiffs' Released Claims or the Released Class Claims as well as any and all claims for the Service Award to Plaintiffs.

85.    Nothing in the Releases shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.  Nor shall the Releases be construed to release claims for medical malpractice or bodily injury.

**XVII.    EFFECTIVE DATE**

86.    The "Effective Date" of this Settlement Agreement shall be the first Day after the date all of the following conditions have occurred:

a.    This Settlement Agreement has been fully executed by all Parties and their counsel;

b.    Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement Agreement and approving the Notice Program and Claim Form, all as provided above;

c.    The Court-approved E-Mail Notice and Postcard Notice have been e-mailed and mailed, respectively, other notice required by the Notice Program,

if any, has been effectuated, and the Settlement Website has been duly created and maintained as ordered by the Court;

   d. The Court has entered a Final Approval Order finally approving this Settlement Agreement, as provided above; and

   e. The Final Approval Order and Final Judgment have become Final, as defined in Paragraph 10(m).

## XVIII. MISCELLANEOUS PROVISIONS

  87. The recitals and exhibits to this Settlement Agreement are integral parts of the Settlement and are expressly incorporated and made a part of this Settlement Agreement.

  88. This Settlement Agreement is for settlement purposes only. Neither the fact of nor any provision contained in this Settlement Agreement nor any action taken hereunder shall constitute or be construed as an admission of the validity of any claim or any fact alleged in the Complaint or Litigation or of any wrongdoing, fault, violation of law or liability of any kind on the part of Defendant or any admission by Defendant of any claim in this Litigation or allegation made in any other proceeding, including regulatory matters, directly or indirectly involving the allegations asserted in the Complaint and Litigation. This Settlement Agreement shall not be offered or be admissible in evidence against the Parties or cited or referred to in any action or proceeding between the Parties, except in an action or proceeding brought to enforce its terms. Nothing contained herein is or shall be construed or admissible as an admission by Defendant that Plaintiffs' claim, or any similar claims, are suitable for class treatment.

  89. In the event that there are any developments in the effectuation and administration of this Settlement Agreement that are not dealt with by the terms of this Settlement Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court. The Parties shall execute all documents and use their best efforts to perform all acts necessary and

1    proper to promptly effectuate the terms of this Settlement Agreement and to take all

2    necessary or appropriate actions to obtain judicial approval of this Settlement

3    Agreement to give this Settlement Agreement full force and effect.

4          90.    Cash Compensation payments shall be issued on a *pro rata* basis, such

5    that the aggregate value of the Cash Compensation payments does not exceed the Net

6    Settlement Fund.  All such determinations regarding the Cash Compensation

7    payments shall be performed by the Settlement Administrator.

8          91.    No person shall have any claim against Plaintiffs, Class Counsel,

9    Defendant, Defendant's Counsel, or the Released Persons, or any of the foregoing's

10   agents or representatives based on the administration of the Settlement substantially

11   in accordance with the terms of the Settlement Agreement or any order of the Court

12   or appellate court.

13         92.    This Settlement Agreement constitutes the entire Settlement Agreement

14   between and among the Parties with respect to the Settlement of the Litigation.  This

15   Settlement Agreement supersedes all prior negotiations and Settlement Agreements

16   and may not be modified or amended except by a writing signed by the Parties and

17   their respective counsel.  The Parties acknowledge, stipulate, and agree that no

18   covenant, obligation, condition, representation, warranty, inducement, negotiation,

19   or understanding concerning any part of the subject matter of this Settlement

20   Agreement has been made or relied on except as expressly set forth in this Settlement

21   Agreement.

22         93.    There shall be no waiver of any term or condition in this Settlement

23   Agreement absent an express writing to that effect by the non-waiving Party.  No

24   waiver of any term or condition in this Settlement Agreement shall be construed as a

25   waiver of a subsequent breach or failure of the same term or condition, or waiver of

26   any other term or condition of this Settlement Agreement.

27         94.    In the event a third-party, such as a bankruptcy trustee, former spouse,

28   or other third-party has or claims to have a claim against any payment made to a

Settlement Class Member, it is the responsibility of the Settlement Class Member to transmit the funds to such third-party.  Unless otherwise ordered by the Court, the Parties will have no, and do not agree to any, responsibility for such transmittal.

95.    This Settlement Agreement shall not be construed more strictly against one Party than another merely because it may have been prepared by counsel for one of the Parties, it being recognized that because of the arm's-length negotiations resulting in this Settlement Agreement, all Parties hereto have contributed substantially and materially to the preparation of the Settlement Agreement.  All terms, conditions, and exhibits are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

96.    This Settlement Agreement shall be construed under and governed by the laws of the State of California without regard to its choice of law provisions.

97.    For one year or until the administration of the Settlement concludes, whichever is later, neither Plaintiffs nor Class Counsel shall issue any press release to any traditional news outlet, including but not limited to print newspapers, online news websites, and television and radio stations, in connection with the Settlement Notice Program unless such press release is approved in advance by Defendant, and/or approved by Court order.

98.    In the event that one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect the other provisions of the Settlement Agreement, which shall remain in full force and effect as though the invalid, illegal, or unenforceable provision(s) had never been a part of this Settlement Agreement as long as the benefits of this Settlement Agreement to Defendant or the Settlement Class Members are not materially altered, positively or negatively, as a result of the invalid, illegal, or unenforceable provision(s).

99.    If any Party institutes any legal action or other proceeding against another Party or Parties to enforce this Agreement or to declare rights and/or obligations under this Agreement, the prevailing party will be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs incurred in connection with any such action.

100.    This Settlement Agreement will be binding upon and inure to the benefit of the successors and assigns of the Parties, Released Persons, and Settlement Class Members.

101.    The headings used in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.  In construing this Settlement Agreement, the use of the singular includes the plural (and vice-versa), and the use of the masculine includes the feminine (and vice-versa).

102.    The Parties stipulate to stay all proceedings in the Litigation until the approval of this Settlement Agreement has been finally determined, except the stay of proceedings shall not prevent the filing of any motions, affidavits, and other matters necessary to obtain and preserve judicial approval of this Settlement Agreement.

103.    This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any Party who has signed it and all of which shall be deemed a single Settlement Agreement.

104.    Each Party to this Settlement Agreement and the signatories thereto warrant that he, she, or it is acting upon his, her or its independent judgment and the advice of his, her, or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Settlement Agreement.

SETTLEMENT AGREEMENT
CASE NO.: 5:23-CV-02092-JGB-DTB
Doc ID: e3b1ac7bc5b8d175

105.   Each signatory below warrants that he or she has authority to execute this Settlement Agreement and bind the Party on whose behalf he or she is executing the Settlement Agreement.

Dated:  February  18, 2025          **CLARKSON LAW FIRM P.C.**

By: _____
RYAN J. CLARKSON
YANA A. HART
BRYAN P. THOMPSON

Dated:  February  17, 2025          **ALMEIDA LAW GROUP LLC**

By: _____
MATTHEW J. LANGLEY

*Attorneys for Plaintiffs and the Proposed Class*

Dated:  February  17, 2025          **PLAINTIFF B.K.**

_____
B.K.

Dated:  February  17, 2025          **PLAINTIFF N.Z.**

_____
N.Z.

36

Dated:  February <u>18</u>, 2025                **BAKER & HOSTETLER LLP**

By: _____
    PAUL G. KARLSGODT
    TERESA C. CHOW

    *Attorneys for Defendant*
    EISENHOWER MEDICAL CENTER

Dated:  February <u>6</u>, 2025                **EISENHOWER MEDICAL CENTER**

By: _____
    MARTIN J. MASSIELLO
    President and Chief Executive Officer

37

# EXHIBIT A

Doc ID: e3b1ac7bc5b8d175

This Claim Form should be filled out online if you logged into the EMC MyChart patient portal, and/or submitted an online form and/or scheduled a laboratory appointment on EMC's public website www.eisenhowerhealth.org between January 1, 2019, and May 3, 2023, and would like to receive a payment from the Settlement. You may receive a payment if you fill out this Claim Form, if the Settlement is approved, and if you are found to be eligible for the payment.

The Settlement Notice describes your legal rights and options. Please visit the official Settlement Website, www._____.com, or call 1-_____ for more information.

If you wish to submit a claim for a Settlement payment, you need to provide the information requested below. This Claim Form must be submitted online at the Settlement Website by [**90 Days from Notice Date**] or mailed to the Settlement Administrator, postmarked no later than [**90 Days from Notice Date**].

## I. CLASS MEMBER NAME, CONTACT, AND ELIGIBILITY INFORMATION

Provide below your name, mailing address, 10-digit telephone number, email address associated with your EMC MyChart account or otherwise on record with EMC, and the unique Settlement Class Member Identification Number listed on the settlement notice you received via email or mailed postcard. You may also upload/provide other proof that you are a Settlement Class Member, such as confirmation of online form submission or laboratory appointment scheduling. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

|  |  |
|---|---|
| **First Name** | **Last Name** |

**Street Address**

|  |  |  |
|---|---|---|
| **City** | **State** | **Zip Code** |

|  |  |
|---|---|
| **Phone Number** | **Email Address for EMC MyChart Account** |

**Settlement Class Member ID #**

## II. RELIEF SELECTION

Please review the Settlement Notice and Section VI of the Settlement Agreement (available at www._____.com) for more information on who is eligible for a payment.

**I choose a cash payment of a *pro rata* share of the Net Settlement Fund.**

_____ By marking this line, I am requesting cash payment of a *pro rata* share of the Net Settlement Fund.

## III.  PAYMENT OPTIONS

Please select from **<u>one</u>** of the following payment options to receive your cash payment:

**PayPal** - Enter your PayPal email address: _____

**Venmo** - Enter the mobile number associated with your account: __ __ __-__ __ __-__ __ __ __

**Zelle** - Enter the mobile number or email address associated with your Zelle account:

  Mobile Number: __ __ __-__ __ __-__ __ __ __   or Email Address: _____

**Mailed Check –** Enter the address where you would like your check to be mailed:

_____
[Street Address]                    [City]                    [State]           [Zip Code]

## IV.  SIGN AND DATE YOUR CLAIM FORM

I declare under penalty of perjury under the laws of the United States of America and the laws of the State of California that I am a Settlement Class Member and the information submitted on this Claim Form is true and correct to the best of my knowledge.

I understand that my Claim Form may be subject to audit, verification, and Court review, and that I may be asked to timely provide supplemental information by the Settlement Administrator before my claim can be considered complete and valid. I also understand that by submitting this claim, I am releasing all Released Claims, as detailed in the Notice of the Proposed Class Action Settlement.

_____          Date: _____
Your signature                                            MM        DD        YYYY

_____          _____
Your name                                              City and State of Execution

### SUBMIT YOUR CLAIM FORM ONLINE.

This Claim Form must be submitted through the Settlement Website by midnight on [**90 days from Notice Date**] or mailed to the Settlement Administrator at _____, postmarked no later than [**90 days from Notice Date**].

# **<u>EXHIBIT B</u>**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Para una notificación en Español, visitar www.XXXXXXXXXXXXX.com.*

*A federal court authorized this Notice. This is not junk mail, an advertisement, or a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against Eisenhower Medical Center ("EMC" or "Defendant") relating to the alleged disclosure of personal information of Plaintiffs and members of the Settlement Class to Facebook as a result of EMC's use of the Meta Pixel on its website ("Meta Pixel Disclosure"). Plaintiffs allege that the information shared to Facebook through the use of the Meta Pixel may have contained personal identifying information and/or protected health information of certain individuals. Plaintiffs claim that Defendant was responsible for the Meta Pixel Disclosure and assert claims for violation of privacy rights. Defendant denies the claims and Plaintiffs' allegations in the Lawsuit.

- If you logged into the EMC MyChart patient portal, and/or submitted an online form and/or scheduled a laboratory appointment on EMC's public website www.eisenhowerhealth.org, in the time frame of January 1, 2019, to May 3, 2023, you are included in this Settlement as a "Settlement Class Member."

- The Settlement provides payments of *pro rata* shares of a Net Settlement Fund to Settlement Class Members who timely submit valid claims.

- Your legal rights are affected regardless of whether you do or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** BY **[90 DAYS AFTER NOTICE DATE]** | Submitting a valid Claim Form is the only way that you can receive Cash Compensation. You may submit a Claim Form online at the settlement website, or by mail to the Settlement Administrator, postmarked no later than [90 Days after Notice Date] |
| **OBJECT TO THE SETTLEMENT** BY **[60 DAYS AFTER THE NOTICE DATE]** | Write to the Court with reasons why you do not agree with the Settlement. |
| **GO TO THE FINAL FAIRNESS HEARING** ON **[TBD]** | You may ask the Court for permission for you and/or your attorney to speak about your objection at the Final Approval Hearing. |

| | |
|---|---|
| **OPT OUT OF THE SETTLEMENT** BY **[60 DAYS AFTER THE NOTICE DATE ]** | Write to the Settlement Administrator to provide notice that you do not wish to receive any payment or benefit from the Settlement or be bound by the Settlement. You will not get any benefits under this Settlement. This is the only option that allows you to be part of any other lawsuit against Defendant about the legal claims in this case. |
| **DO NOTHING** | You will not get any compensation from this Settlement, and you will give rights to be part of any other lawsuit against Defendant about the legal claims in this case. Submitting a Claim Form is the only way to obtain payment and/or other benefit from this Settlement. |

**Deciding what to do…**

| | Submit a Claim | Opt-out | Object | Do Nothing |
|---|---|---|---|---|
| **Can I receive settlement money if I . . .** | YES | NO | YES | NO |
| **Am I bound by the terms of this lawsuit if I . . .** | YES | NO | YES | YES |
| **Can I pursue my own case if I . . .** | NO | YES | NO | NO |
| **Will the class lawyers represent me if I . . .** | YES | NO | NO | YES |

**Deadlines may be amended, and you should check the Settlement Website periodically for updates at [website].**

*Note that any capitalized terms not defined herein shall have the meanings ascribed to them in the Settlement Agreement. Additionally, to the extent there are any conflicts or inconsistencies between this form and the Settlement Agreement, the terms of the Settlement Agreement shall govern.*

- These rights and options—and the deadlines to exercise them—are explained in this Notice. For complete details, view the Settlement Agreement, available at *www.XXXXXXXXXXXXX.com*, or call 1- - -.

- The Court in charge of this case still has to decide whether to grant final approval of the Settlement. Payments for valid, timely claims will only be made after the Court grants final approval of the Settlement and after any appeals of the Court's order granting final approval are resolved. No settlement payments will be provided unless the Court approves the Settlement, and it becomes final.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 1**

1.  Why is this Notice being provided?
2.  What is this lawsuit about?
3.  What is a class action?
4.  Why is there a Settlement?

**WHO IS INCLUDED IN THE SETTLEMENT?** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 2**

5.  How do I know if I am part of the Settlement?
6.  Are there exceptions to being included in the Settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** . . . . . . . . . . . . . . . . . . **PAGE 2**

7.  What does the Settlement provide?
8.  What cash compensation is available?

**HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM** . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 3**

9.  How do I get benefits from the Settlement?
10.  How will claims be decided?
11.  When will I get my payment and/or other benefit?

**REMAINING IN THE SETTLEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 3**

12.  Do I need to do anything to remain in the Settlement?
13.  What am I giving up as part of the Settlement?

**THE LAWYERS REPRESENTING YOU** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 4**

14.  Do I have a lawyer in this case?
15.  How will Class Counsel be paid?

**OBJECTING TO THE SETTLEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 4**

16.  How do I tell the Court that I do not like the Settlement?

**OPTING OUT OF THE SETTLEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 6**

18.  How do I opt out of the Settlement?

**THE COURT'S FINAL APPROVAL HEARING** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 6**

18.  When and where will the Court decide whether to approve the Settlement?
19.  Do I have to come to the Final Approval Hearing?
120.  May I speak at the Final Approval Hearing?

**IF YOU DO NOTHING** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 7**

21.  What happens if I do nothing?

**GETTING MORE INFORMATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 7**

22.  Are more details about the Settlement available?
23.  How do I get more information?

Doc ID: e3b1ac7bc5b8d175

<u>BASIC INFORMATION</u>

| **1. Why is this Notice being provided?** |
|---|

The Court directed that this Notice be provided because you have a right to know about a proposed settlement that has been reached in this class action lawsuit and about all of your options before the Court decides whether to grant final approval of the Settlement. If the Court approves the Settlement, and after objections or appeals, if any, are resolved, the Settlement Administrator appointed by the Court will distribute the payments that the Settlement allows. This Notice explains the lawsuit, the Settlement, your legal rights, what payments are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the Central District of California, ("District Court"). The case is known as *B.K., et al. v. Eisenhower Medical Center*, Case No. 5:23-cv-02092-JGB-DTB (the "Lawsuit"). The people who filed the Lawsuit are called the Plaintiffs and the entity they sued, EMC, is called the Defendant.

| **2. What is this lawsuit about?** |
|---|

The Lawsuit claims that Defendant was responsible for the "Meta Pixel Disclosure," and asserts claims for: 1) violation of the California Confidentiality of Medical Information Act ("CMIA"); (2) violation of the Electronic Communications Privacy Act ("ECPA"); (3) violation of the California Invasion of Privacy Act ("CIPA"); (4) violation of California's Unfair Competition Law ("UCL"); (5) invasion of privacy under the California Constitution (6) intrusion upon seclusion; (7) violation of the California Consumers Legal Remedies Act ("CLRA"); (8) violation of Cal. Penal Code §496(a) and (c); (9) breach of confidence; (10) breach of fiduciary duty; and (11) unjust enrichment. The Lawsuit seeks, among other things, relief for persons alleged to have been injured by the Meta Pixel Disclosure.

Defendant has denied and continues to deny all of the allegations and claim made in the Lawsuit, as well as all charges of wrongdoing or liability against it.

Both sides have agreed to settle the Lawsuit solely to avoid the cost, delay, and uncertainty of litigation.

| **3. What is a class action?** |
|---|

In a class action, one or more people called "Class Representatives" (in this case, the named Plaintiffs are B.K. and N.Z.) sue on behalf of people who have similar claims. Together, all these people are called a Class or Class Members. One Court and one Judge resolves the issues for all Class Members, except for those who exclude themselves from the class.

Doc ID: e3b1ac7bc5b8d175

## 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Defendant. Instead, Plaintiffs negotiated a settlement with Defendant that allows both Plaintiffs and Defendant to avoid the risks and costs of lengthy and uncertain litigation and the uncertainty of a trial and appeals. It also allows Settlement Class Members to obtain payment and/or other benefit without further delay. The Class Representatives and their attorneys think the Settlement is best for all Settlement Class Members. This Settlement does not mean that Defendant did anything wrong.

### WHO IS INCLUDED IN THE SETTLEMENT?

## 5. How do I know if I am part of the Settlement?

You are part of this Settlement as a Settlement Class Member if you logged into the EMC MyChart patient portal, and/or submitted an online form and/or scheduled a laboratory appointment on EMC's public website, www.eisenhowerhealth.org, in the time frame of January 1, 2019 to May 3, 2023.

## 6. Are there exceptions to being included in the Settlement?

Yes. Specifically excluded from the Settlement Class are: (i) EMC and its affiliates, parents, subsidiaries, officers, and directors; (ii) any person who timely opts out of the Settlement Class, and (iii) the Judge(s) presiding over this matter and the clerks of said Judge(s).

### THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

## 7. What does the Settlement provide?

The Settlement will provide payments to Settlement Class Members who timely submit valid claims.

Each Settlement Class Member can make a claim for payment of a *pro rata* share of a Net Settlement Fund ($875,000.00, minus Plaintiffs' attorneys' fees, costs, and expenses, service awards to the Class Representatives, and Administration Costs). In order to claim a payment, you must provide all information requested in the Claim Form and any additional information requested by the Settlement Administrator.

Any award of attorneys' fees and litigation costs to Class Counsel (not to exceed $288,750 in fees and $20,000 in costs) upon Court approval, service awards (up to $2,500 each for the two Settlement Class Representatives, totaling a maximum of $5,000), and costs to administer the Settlement will be paid from the Settlement Fund.

Doc ID: e3b1ac7bc5b8d175

## 8. What cash compensation is available?

Each Settlement Class Member may make a claim for payment of a *pro rata* share of a Net Settlement Fund, which is subject to proration. All Settlement Class Members who submit a valid claim form will receive a *pro rata* share of the Net Settlement Fund ("Cash Compensation"). The total Settlement Fund of $875,000 will be used to pay (i) any taxes owed by the Settlement Fund, (ii) Settlement Administration Costs; (iii) Service Awards approved by the Court, (iv) Attorneys' Fees, Costs, and Expenses Award as approved by the Court, and (v) any benefits to Settlement Class Members. After these expenses, the amount remaining, or the "Net Settlement Fund" will be prorated and distributed amongst Settlement Class Members that submit a valid, timely Claim Form.

### HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM

## 9. How do I get benefits from the Settlement?

To ask for a payment, you must complete and timely submit a Claim Form. Claim Forms are available at *www.XXXXXXXXXXXXXX.com*, where you must also submit your Claim Form online no later than **[90 Days from the Notice Date]**. You can also submit your Claim Form by mail, postmarked no later than **[90 Days from the Notice Date],** to the Settlement Administrator:

| SETTLEMENT ADMINISTRATOR |
| --- |
| Eisenhower Medical Center Meta Pixel Disclosure Settlement Administrator<br>P.O. Box _____<br>Baton Rouge, LA 70821 |

## 10. How will claims be decided?

The Settlement Administrator will initially decide whether the information provided on a Claim Form is complete and valid. The Settlement Administrator may require additional information from any claimant and will specify a time within which any such additional information must be provided. If the required information is not provided within the time specified, the claim will be considered invalid and will not be paid.

Additional information regarding the claims process can be found in Section VII of the Settlement Agreement, available at [WEBSITE].

Doc ID: e3b1ac7bc5b8d175

## 11. When will I get my payment?

Payments will be sent to Settlement Class Members who send in Valid Claim Forms on time, in the form of an electronic payment or mailed check. Payments will be issued after the Court grants "final approval" of the Settlement, and after the time for appeals has ended and any appeals have been resolved. The Court will hold a Final Approval Hearing at ___:_0_.m. on **Month _____, 202__**, to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether any appeals can be resolved favorably and resolving them can take time. It also takes time for all the Claim Forms to be processed, depending on the number of claims submitted and whether any appeals are filed. Please be patient.

<u>REMAINING IN THE SETTLEMENT</u>

## 12. Do I need to do anything to remain in the Settlement?

You do not have to do anything to remain in the Settlement, but if you want a settlement payment of Cash Compensation you must timely submit a valid Claim Form online by **[90 Days from the Notice Date]**.

## 13. What am I giving up as part of the Settlement?

If the Settlement becomes final, you will give up your right to sue Defendant for the claims being resolved by this Settlement. The specific claims you are giving up against Defendant are described in Section XVI of the Settlement Agreement. You will be "releasing" Defendant and all related people or entities as described in Sections II.10.ii and XVI of the Settlement Agreement. The Settlement Agreement is available at www.XXXXXXXXXXXX.com. The Release is included below:

> On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, each Settlement Class Member will be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from any and all past, present, and future claims, counterclaims, lawsuits, set-offs, costs, expenses, attorneys' fees and costs, losses, rights, demands, charges, complaints, actions, suits, causes of action, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, in law or equity, fixed or contingent, accrued or unaccrued and matured or not matured that were or could have been asserted in the Litigation (the "Settlement Class Release"). The Settlement Class Release shall be included as part of the Final Approval Order so that all claims released thereby shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion (the "Released Class Claims," and together with Plaintiffs' Released Claims, the "Release Claims"). The Released Class Claims shall constitute and may be pled as a complete defense to any proceeding arising from, relating to, or filed in connection with the Released Class Claims.

Released Claims do not include medical malpractice, or other bodily injury claims, or claims relating to the enforcement of the settlement.

Doc ID: e3b1ac7bc5b8d175...

The Settlement Agreement describes the released claims in more detail with specific descriptions, so read it carefully. If you have any questions about what this means you can talk to the law firms listed in Question 14 for free or you can, of course, talk to your own lawyer at your own expense.

### THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

Yes, if you do not opt out of or object to the settlement. The Court appointed Ryan J. Clarkson, Yana Hart, and Bryan P. Thompson of Clarkson Law Firm, P.C., located at 22525 Pacific Coast Highway, Malibu, CA 90265 and Matthew J. Langley of Almeida Law Group LLC, located at 849 W. Webster Ave., Chicago, IL 60614, to represent you and other Settlement Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 15. How will Class Counsel be paid?

If the Settlement is approved and becomes final, Class Counsel will ask the Court to award attorneys' fees not to exceed thirty-three percent (33%) of the combined total value of the Settlement Fund, or $288,750, litigation costs not to exceed $20,000, and Administration Costs (as defined in the Settlement Agreement). Class Counsel will also request approval of a service award of $2,500.00 for each of the two Class Representatives (totaling $5,000). If approved, these amounts, as well as the costs of notice and Settlement Administration, will be taken from the Settlement amount prior to payments made to Settlement Class Members.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 16. How do I tell the Court that I do not like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you do not like it. You can give reasons why you think the Court should not approve the Settlement. The Court will consider your views before making a decision. To object, you must file with the Court and mail to the Settlement Administrator a written notice stating that you object to the Settlement in *B.K. and N.Z, et al. v. Eisenhower Medical Center*, Case No. 5:23-cv-02092-JGB-DTB.

Your objection must:

    (i)      set forth the Settlement Class Member's full name, current address, telephone number, and email address;

    (ii)    contain the Settlement Class Member's original signature;

    (iii)   contain proof that the Settlement Class Member is a member of the Settlement Class (*e.g.*, copy of settlement notice, or confirmation of online form submission or laboratory appointment scheduling, *etc*.);

Doc ID: e3b1ac7bc5b8d175

(iv)    state that the Settlement Class Member objects to the Settlement, in whole or in part;

(v)     set forth a statement of the legal and factual basis for the Objection;

(vi)    provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position;

(vii)   identify all counsel representing the Settlement Class Member, if any;

(viii)  contain the signature of the Settlement Class Member's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation; and

(ix)    contain a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement.

Your objection must be filed with the District Court, and served upon the Settlement Administrator below no later than **Month Day, 202__ [60 Days from the Notice Date]**.

| SETTLEMENT ADMINISTRATOR |
|---|
| Eisenhower Medical Center Meta Pixel Disclosure<br>Settlement Administrator<br>P.O. Box _____<br>Baton Rouge, LA 70821 |

An objecting Settlement Class Member has the right, but is not required, to attend the Final Approval Hearing. If you intend to appear at the Final Approval Hearing, either with or without counsel, you must also file a notice of appearance with the Court (as well as serve the notice on Class Counsel and Defendant's Counsel) by the **[60 Days from the Notice Date]**.

If you intend to appear at the Final Approval Hearing through counsel, you must also identify the attorney(s) representing you who will appear at the Final Approval Hearing and include the attorney(s) name, address, phone number, e-mail address, state bar(s) to which counsel is admitted, as well as associated state bar numbers.

If you fail to timely file and serve an Objection and notice, if applicable, of your intent to appear at the Final Approval Hearing in person or through counsel, you will not be permitted to object to the approval of the Settlement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

Doc ID: e3b1ac7bc5b8d175

## OPTING OUT OF THE SETTLEMENT

You can opt out of the Settlement if you do not wish to receive any payment or benefit from the Settlement and be bound by it.

| 17. How to I opt out of the Settlement? |
| --- |

To opt out of the settlement, you must individually sign and timely submit written notice of such intent to the Settlement Administrator at P.O. Box _____ Baton Rouge, LA 70821. To be effective, the written notice shall:

    (a) be postmarked no later than **[60 days from Notice Date]**;
    (b) state your name, address, and telephone number;
    (c) be physically signed by you, the Settlement Class Member; and
    (d) must contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *B.K. et al. v. Eisenhower Medical Center*, No. 5:23-cv-02092-JGB-DTB (C.D. Cal)."

Any person who submits a valid and timely exclusion request shall not (i) be bound by any orders or Judgment entered in the Lawsuit, (ii) be entitled to relief under the Settlement, or (iii) be entitled to object to any aspect of the Settlement. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

| 18. When and where will the Court decide whether to approve the Settlement? |
| --- |

The Court will hold a Final Approval Hearing at :_0_.m. on **Month Day, 202__**, in Courtroom 1 on the 2nd floor of the United States District Court, located at 3470 Twelfth Street, Riverside, California 92501. The hearing may be moved to a different date or time without additional notice, so please check for updates at [website]. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will take into consideration any properly-filed written objections and may also listen to people who have asked to speak at the hearing (*see* Question 16). In order to speak at the Fairness Hearing, you must file a notice of intention to appear with the Court. The Court will also decide whether to approve fees and reasonable litigation costs to Class Counsel, and the service award to the Class Representatives.

| 19. Do I have to come to the Final Approval Hearing? |
| --- |

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you file an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. If you have sent an objection but do not come to the Court hearing, however, you will not have a right to appeal

Doc ID: 66fa3b795b057672e88054002663ae0505789281

an approval of the Settlement. You may also hire your own lawyer to attend, at your own expense, but you are not required to do so.

### 20. May I speak at the Final Approval Hearing?

Yes, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must follow the instructions provided in Question 16 above. If you intend to appear at the Final Approval Hearing, either with or without counsel, you must also file a notice of appearance with the Court (as well as serve the notice on Class Counsel and Defendant's Counsel) by **[60 Days from the Notice Date]**.

## IF YOU DO NOTHING

### 21. What happens if I do nothing?

If you do nothing, you will not receive any compensation from this Settlement. If the Court approves the Settlement, you will be bound by the Settlement Agreement and the Release unless you exclude yourself. This means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant or related parties about the issues involved in the Lawsuit, resolved by this Settlement, and released by the Settlement Agreement.

## GETTING MORE INFORMATION

### 22. Are more details about the Settlement available?

Yes. This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement, which is available at *www.XXXXXXXXXX.com*, or by writing to the Eisenhower Medical Center Meta Pixel Disclosure Settlement Administrator, P.O. Box _____, [City] [ST] _____-_____.

### 23. How do I get more information?

Go to *www.XXXXXXXXXXXX.com*, call 1 _____, or write to the Eisenhower Medical Center Meta Pixel Disclosure Settlement Administrator, P.O. Box _____, [City] [ST] _____-_____.

| Resource | Contact Information |
|---|---|
| Settlement Website | www._____.com |
| Settlement Administrator | P.O. Box _____ <br> Baton Rouge, LA 70821 |

Doc ID: e3b1ac7bc5b8d175

| **Your Lawyers** | Ryan J. Clarkson | Matthew J. Langley |
|---|---|---|
| | Yana Hart | **ALMEIDA LAW GROUP LLC** |
| | Bryan P. Thompson | 849 W. Webster Ave. |
| | **CLARKSON LAW FIRM, P.C.** | Chicago, IL 60614 |
| | 22525 Pacific Coast Highway | |
| | Malibu, CA 90265 | |

*PLEASE DO NOT CALL THE COURT OR THE CLERK OF THE COURT FOR INFORMATION ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.*
*They cannot answer any questions regarding the Settlement or the Lawsuit.*

Doc ID: e3b1ac7bc5b8d175...

# **EXHIBIT C**

SETTLEMENT CLASS MEMBER IDENTIFICATION NUMBER: [INSERT]

## LEGAL NOTICE

**If you logged into the EMC MyChart patient portal, and/or submitted an online form and/or scheduled a laboratory appointment on EMC's website between January 1, 2019 and May 3, 2023, you may be entitled to payment.**

*B.K. and N.Z. v. Eisenhower Medical Center, Case No. 5:23-cv-02092-JGB-DTB*
U.S. District Court for the Central District of California

*Para una notificación en Español, visitar* www.XXXXXXXXXXXXX.com.

*A federal court authorized this Notice. This is not junk mail, an advertisement, or a solicitation from a lawyer.*

**What Is This Notice About?** You have been identified as a potential class member in a class action settlement. A Settlement has been reached in a class action lawsuit (the "Lawsuit") brought against Eisenhower Medical Center ("EMC" or "Defendant"), relating to the alleged disclosure of personal information of Plaintiffs and members of the Settlement Class to Facebook as a result of EMC's use of the Meta Pixel on its website ("Meta Pixel Disclosure"). Plaintiffs allege that the information shared with Facebook through the use of the Meta Pixel may have contained personal identifying information and/or protected health information of certain individuals. Plaintiffs claim that Defendant was responsible for the Meta Pixel Disclosure and assert claims for violation of privacy rights. Defendant denies the claims and Plaintiffs' allegations in the Lawsuit.

**Am I A Member of the Class?** You are included in this Settlement as a Settlement Class member if you logged into the EMC MyChart patient portal, and/or submitted an online form and/or scheduled a laboratory appointment on EMC's public website www.eisenhowerhealth.org, in the time frame of January 1, 2019, to May 3, 2023.

**What Does The Settlement Provide?** Contingent upon the Court's approval of the Settlement, a Settlement Class Member who submits a valid and timely Claim may be entitled to a Cash Compensation payment, which would be a *pro rata* share of the Net Settlement Fund.

If the amount in the Net Settlement Fund (net of costs of notice and settlement administration, Settlement Class Counsel's attorneys' fees and litigation expenses and the service awards for Plaintiffs), is either less or more than the amount of the total cash claims submitted by Claimants, the claims of each Claimant will be decreased or increased, respectively, *pro rata*, to ensure the Settlement Fund is exhausted, with no reversion from the Settlement Fund to Defendant.

**What Are My Options?** You have three options:

**<u>1. You Can Make a Claim</u>**. Settlement Class Members who wish to receive a Cash Compensation payment must submit a Claim Form by visiting the Settlement Website, [website], and submitting a Claim Form. You may also mail your Claim Form to the Settlement Administrator. The deadline to postmark or submit your claim is [**90 days from Notice Date**].

**2. You Can Object to the Settlement**. You may also object to any part of this Settlement. Objections must be written and mailed to the Court and the Settlement Administrator, and postmarked no later than [**60 days from Notice Date**]. Your objection must:

    (i)      set forth the Settlement Class Member's full name, current address, telephone number, and email address;

    (ii)     contain the Settlement Class Member's original signature;

    (iii)    contain proof that the Settlement Class Member is a member of the Settlement Class;

    (iv)    state that the Settlement Class Member objects to the Settlement, in whole or in part;

    (v)     set forth a statement of the legal and factual basis for the Objection;

    (vi)    provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position;

    (vii)   identify all counsel representing the Settlement Class Member, if any;

    (viii)   contain the signature of the Settlement Class Member's duly authorized attorney or other duly authorized representative; and

    (ix)    contain a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement.

**3. You Can "Opt-Out" of the Settlement**. You can exclude yourself ("opt-out") of the Settlement by submitting an exclusion request to the Settlement Administrator that is postmarked no later than [**60 days from Notice Date**]. This is the only option that allows you to be part of any other lawsuit against Defendant about the legal claims in this case. To be effective, the written notice of your intent to opt-out shall: (a) be postmarked no later than [**60 Days from Notice Date**]; (b) state your name, address, and telephone number of the; (c) be physically signed by you; and (d) contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *B.K. ET AL. V. EISENHOWER MEDICAL CENTER*, No. 5:23-cv-02092-JGB-DTB (C.D. Cal)."

If you submit a valid and timely opt out request, you will not (i) be bound by any orders or Judgment entered in the Lawsuit, (ii) be entitled to relief under the Settlement, or (iii) be entitled to object to any aspect of the Settlement.

Details about how to opt-out, object, and submit your Claim Form are available on the Settlement Website. If you do nothing, you will not get any compensation from this Settlement, and you will give rights to be part of any other lawsuit against Defendant about the legal claims in this case. Submitting a Claim Form is the only way to obtain payment and/or other benefit from this Settlement.

### THE COURT'S FINAL APPROVAL HEARING

The Court will hold a Final Approval Hearing at : 0 .m. on **Month Day, 202** , in Courtroom 1 on the second floor of the U.S. District Court, located at 3470 Twelfth Street, Riverside, California

92501 to approve: (1) the Settlement as fair, reasonable, and adequate; and (2) the application for Plaintiffs' attorneys' fees of up to $288,750 and litigation costs of up to $20,000, and payment of up to $5,000 in total to the two Settlement Class Representatives. Settlement Class Members who support the proposed settlement do not need to appear at the hearing or take any other action to indicate their approval.

**PLEASE DO <u>NOT</u> CALL THE COURT OR THE CLERK OF THE COURT FOR ADDITIONAL INFORMATION. THEY CANNOT ANSWER ANY QUESTIONS REGARDING THE SETTLEMENT OR THE LAWSUIT.**

**<u>Questions?</u>**

**Go to *www.XXXXXXXXXXXXX.com*, which contains all the important documents, or call 1- - -.**

# EXHIBIT D

**IF YOU LOGGED INTO THE EISENHOWER MEDIAL CENTER MYCHART PATIENT PORTAL, SUBMITTED AN ONLINE FORM, OR SCHEDULED A LABORATORY APPOINTMENT ON EISENHOWER MEDICAL CENTER'S PUBLIC WEBSITE BETWEEN JANUARY 1, 2019 AND MAY 3, 2023, YOU MAY BE ELIGIBLE FOR BENEFITS FROM A CLASS ACTION SETTLEMENT.**

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A settlement has been reached in a class action lawsuit against Eisenhower Medical Center ("EMC" or "Defendant") relating to alleged disclosure of personal information of Plaintiffs and members of the Settlement Class to Facebook as a result of EMC's use of the Meta Pixel on its website (the "Meta Pixel Disclosure"). Plaintiffs allege information shared with Facebook through the use of the Meta Pixel may have contained personal identifying information and/or protected health information of certain individuals. Plaintiffs claim that Defendant was responsible for the Meta Pixel Disclosure and assert claims for: 1) violation of the California's Confidentiality of Medical Information Act; (2) violation of Electronic Communications Privacy Act; (3) violation of the California Invasion of Privacy Act; (4) violation of California's Unfair Competition Law; (5) invasion of privacy under the California Constitution (6) intrusion upon seclusion; (7) violation of California Consumers Legal Remedies Act; (8) violation of Cal. Penal Code §496(a) and (c); (9) breach of confidence; (10) breach of fiduciary duty; and (11) unjust enrichment. The lawsuit seeks, among other things, relief for persons alleged to have been injured by the Meta Pixel Disclosure. Defendant denies the claims and Plaintiffs' allegations in the lawsuit.

**WHO IS INCLUDED?** If you logged into the EMC MyChart patient portal, and/or submitted an online form and/or scheduled a laboratory appointment on EMC's public website www.eisenhowerhealth.org between January 1, 2019, and May 3, 2023, you are included in this Settlement as a "Settlement Class Member."

**SETTLEMENT BENEFITS**. The Settlement also provides payment of *pro rata* shares of a Net Settlement Fund to Settlement Class Members who timely submit valid claims.

**THE ONLY WAY TO RECEIVE A PAYMENT AND/OR OTHER BENEFIT IS TO FILE A CLAIM**. To get a Claim Form, visit the website www.xxxxxxxxxxxxxx.com, or call 1-XXX- XXX-XXXX. The claim deadline is Month Day, 202__.

**OTHER OPTIONS**. If you do nothing, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue Defendant for the claims resolved by this Settlement. You may also object to or opt out of the Settlement by Month Day, 202__. A more detailed notice is available to explain how to object or opt out of the Settlement. Please visit the website or call 1-XXX-XXX-XXXX for a copy of the more detailed notice. On Month Day, 202__, the Court will hold a Fairness Hearing to determine whether to approve the Settlement, Class Counsel's request for attorneys' fees not to exceed thirty-three percent (33%) of the total value of the Settlement Fund, costs and expenses up to $20,000, Administration Costs, and a service award of $2,500 for each of the two Class Representatives. The Motion for attorneys' fees will be posted on the website below after it is filed. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. This is only a summary. For more information, call or visit the website below.

www.XXXXXXXXX.com                    1-XXX-XXX-XXXX

# **EXHIBIT E**

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
9
**CENTRAL DISTRICT OF CALIFORNIA**

10

B.K., and N.Z., individually and on
11
behalf of all others similarly situated,

Case No. 5:23-cv-02092-JGB-DTB

12
                    Plaintiffs,

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**
13

14
v.

**Hearing Information**
15
EISENHOWER MEDICAL
CENTER,
Date: _____, 2025
Time:  9:00 AM
16
Location: Courtroom 1

17
                    Defendant.

Complaint Filed: October 12, 2023
FAC Filed: April 22, 2024
18

19

20
21
22
23
24
25
26
27
28

1    WHEREAS, the above-entitled action is pending before this Court (the

2    "Action");

3    WHEREAS, Plaintiffs B.K. and N.Z. ("Plaintiffs") and Defendant Eisenhower

4    Medical Center ("Defendant") (collectively, the "Parties") have reached a proposed

5    settlement and compromise of the disputes between them in the above Action as set

6    forth in the Settlement Agreement dated February 17, 2025 (attached hereto as

7    **Exhibit 1**) and the settlement contemplated thereby (the "Settlement");

8    WHEREAS, Plaintiffs have applied to the Court for preliminary approval of

9    the Settlement;

10    AND NOW, the Court, having read and considered the Settlement Agreement

11    and accompanying documents, as well as the Motion for Preliminary Approval of

12    Class Action Settlement and supporting papers, and all capitalized terms used herein

13    having the meaning defined in the Settlement, IT IS HEREBY ORDERED AS

14    FOLLOWS:

15    1.    Settlement Terms. The Court, for purposes of this Preliminary Approval

16    Order, adopts all defined terms as set forth in the Settlement.

17    2.    Jurisdiction. The Court has jurisdiction over the subject matter of the

18    Action and over all parties to the Action, including all members of the Settlement

19    Class.

20    3.    Preliminary Approval of Proposed Settlement Agreement. Subject to

21    further consideration by the Court at the time of the Final Approval Hearing, the

22    Court preliminarily approves the Settlement as fair, reasonable, and adequate to the

23    Settlement Class, as falling within the range of possible final approval, and as

24    meriting submission to the Settlement Class for its consideration. The Court also

25    finds the Settlement Agreement: (a) is the result of serious, informed, non-collusive,

26    arms-length negotiations, involving experienced counsel familiar with the legal and

27    factual issues of this case and guided in part by the Parties' private mediation with

28    Martin F. Scheinman, Esq. of Scheinman Arbitration and Mediation Services, and (b)

1  appears to meet all applicable requirements of law, including Fed. R. Civ. P. 23.

2  Therefore, the Court grants preliminary approval of the Settlement.

3         4.    <u>Class Certification for Settlement Purposes Only</u>. For purposes of the

4  Settlement only, the Court conditionally certifies the Settlement Class, as described

5  below:

6            All identifiable individuals who logged into the EMC MyChart patient portal,

7            and/or submitted an online form and/or scheduled a laboratory appointment on

8            EMC's public website www.eisenhowerhealth.org, in the time frame of

9            January 1, 2019, to May 3, 2023.

10  Excluded from the Settlement Class are: (1) the presiding judges in this Action; (2)

11  any clerks of said judges; (3) Defendant; (4) any of Defendant's affiliates, parents,

12  subsidiaries, officers, and directors; (5) counsel for the Parties; and (6) any persons

13  who timely opt-out of the Settlement Class.

14         5.    The Court preliminarily finds, solely for purposes of considering this

15  Settlement, with respect to the monetary relief portions of the Settlement Agreement

16  (i.e., all of the Settlement Agreement except the provisions in section V thereof), that:

17  (a) the number of Settlement Class members is so numerous that joinder of all

18  members thereof is impracticable; (b) there are questions of law and fact common to

19  the Settlement Class; (c) the claims of the named representatives are typical of the

20  claims of the Settlement Class they seek to represent; (d) the Plaintiffs will fairly and

21  adequately represent the interests of the Settlement Class; (e) the questions of law

22  and fact common to the Settlement Class predominate over any questions affecting

23  only individual members of the Settlement Class; and (f) a class action is superior to

24  other available methods for the fair and efficient adjudication of the controversy.

25         6.    The Court preliminarily finds, solely for purposes of considering this

26  Settlement, with respect to the non-monetary equitable relief portions of the

27  Settlement Agreement specified in section V thereof, that: (a) the number of

28  Settlement Class Members is so numerous that joinder of all members thereof is

3

Doc ID: e3b1ac7bc5b8d175

impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named representatives are typical of the claims of the Settlement Class they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) the Defendant allegedly has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole if the Settlement Agreement receives final approval.

7. <u>Class Representatives</u>. The Court orders that B.K. and N.Z. are appointed as the Representative Plaintiffs.

8. <u>Class Counsel</u>. The Court also orders that Clarkson Law Firm, P.C. and Almeida Law Group, LLC are appointed as Class Counsel. The Court preliminarily finds that the Representative Plaintiffs and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class members in accordance with Fed. R. Civ. P. 23.

9. <u>Class Notice</u>. The Court finds that the Settlement as set forth in the Settlement Agreement falls within the range of reasonableness and warrants providing notice of such Settlement to the members of the Settlement Class and accordingly, the Court, pursuant to Fed. R. Civ. P. 23(c) and (e), preliminarily approves the Settlement upon the terms and conditions set forth in the Settlement Agreement. The Court approves, as to form and content, the notices and claim form substantially in the form attached to the Settlement Agreement. Non-material modifications to the notices and claim form may be made by the Settlement Administrator without further order of the Court, so long as they are approved by the Parties and consistent in all material respects with the Settlement Agreement and this Order.

10. The Court finds that the plan for providing notice to the Settlement Class (the "Notice Program") described in the Settlement Agreement constitutes the best notice practicable under the circumstances and constitutes due and sufficient notice

1   to the Settlement Class of the terms of the Settlement Agreement and the Final

2   Approval Hearing and complies fully with the requirements of the Federal Rules of

3   Civil Procedure, the United States Constitution, and any other applicable law.  The

4   Court directs that the Notice Program will commence no later than thirty (30) days

5   from the date of this Preliminary Approval Order (the "Settlement Notice Date").

6        11.    The Court further finds that the Notice Program adequately informs

7   members of the Settlement Class of their right to exclude themselves from the

8   Settlement Class so as not to be bound by the terms of the Settlement Agreement.

9   Any member of the Class who desires to be excluded from the Settlement Class, and

10  therefore not bound by the terms of the Settlement Agreement, must submit a timely

11  and valid written notice of intent to opt out pursuant to the instructions set forth in

12  the Class Notice.

13       12.    <u>Settlement Administrator</u>. The Court appoints EAG Gulf Coast, LLC as

14  the Settlement Administrator. EAG Gulf Coast, LLC shall be required to perform all

15  duties of the Settlement Administrator as set forth in the Settlement Agreement and

16  this Order. The Settlement Administrator shall post the Long Form Notice on the

17  Settlement Website.

18       13.    <u>Objection and "Opt-Out" Deadline</u>. Settlement Class Members who

19  wish to object to the Settlement or to exclude themselves from the Settlement must

20  do   so   by   the   Objection   Deadline   and   Opt-Out   Deadline,   which   is

21  _____, 2025 [60 days from the Settlement Notice Date]. If a

22  Settlement Class member submits both a notice of intent to opt out and an Objection,

23  the Settlement Class member will be deemed to have opted out of the Settlement, and

24  thus to be ineligible to object. However, any objecting Settlement Class Member who

25  has not timely submitted a notice of intent to opt out will be bound by the terms of

26  the Agreement upon the Court's final approval of the Settlement.

27       14.    <u>Exclusion from the Settlement Class</u>. Settlement Class members who

28  wish to opt out of and be excluded from the Settlement must following the directions

in the Class Notice and submit a notice of intent to opt out to the Settlement Administrator, postmarked no later than the Opt-Out Deadline, which is _____, 2025 [60 days from the date of the Settlement Notice Date]. The notice of intent to opt out must be personally completed and submitted by the Settlement Class member or his or her attorney.  One person may not opt out someone else and so-called "class" opt-outs shall not be permitted or recognized. The Settlement Administrator shall periodically notify Class Counsel and Defendant's counsel of any notices of intention to opt out.

15.   All Settlement Class members who submit a timely, valid notice of intent to opt out will be excluded from the Settlement Class and will not be bound by the terms of the Settlement Agreement, shall not be bound by the release of any claims pursuant to the Settlement Agreement or any judgment, and shall not be entitled to object to the Settlement Agreement or appear at the Final Approval Hearing. All Settlement Class Members who do not submit a timely, valid notice of intent to opt out will be bound by the Settlement Agreement and the Judgment, including the release of any claims pursuant to the Settlement Agreement.

16.   Objections to the Settlement.  Any objection to the Settlement must be in writing, filed with the Court, and served on the Settlement Administrator on or before the Objection Deadline, which is _____, 2025 [60 days from the Settlement Notice Date]. Any objection regarding or related to the Settlement must (i) set forth the Settlement Class Member's full name, current address, telephone number, and email address; (ii) contain the Settlement Class Member's original signature; (iii) contain proof that the Settlement Class Member is a member of the Settlement Class (e.g., copy of settlement notice); (iv) state that the Settlement Class Member objects to the Settlement, in whole or in part; (v) set forth a statement of the legal and factual basis for the Objection; (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; (vii) identify all counsel representing the Settlement Class Member, if any; (viii) contain

1  the signature of the Settlement Class Member's duly authorized attorney or other duly

2  authorized representative; and (ix) contain a list, including case name, court, and

3  docket number, of all other cases in which the objector and/or the objector's counsel

4  has filed an objection to any proposed class action settlement.

5        17.     Objecting Settlement Class Members may appear at the Final Approval

6  Hearing and be heard. If an objecting Settlement Class Member chooses to appear at

7  the Final Approval Hearing, a notice of intention to appear must be filed with the

8  Court or postmarked no later than the Objection Deadline.

9        18.     Any Settlement Class Member who does not make a valid written

10  objection as set forth by the Settlement shall be deemed to have waived such

11  objection and forever shall be foreclosed from making any objection to the fairness

12  or adequacy of or from seeking review by any means, including an appeal, of the

13  Settlement or the Settlement Agreement terms.

14        19.     <u>Submission of Claims</u>. To receive a Claim Payment, the Settlement

15  Class Members must follow the directions in the Notice and file a claim with the

16  Settlement Administrator by the Claims Deadlines, which is which is

17  _____, 2025 [90 days from the Settlement Notice Date].  Settlement Class

18  Members who do not submit a valid claim will not receive a Claim Payment and will

19  be bound by the Settlement.

20  / / /

21  / / /

22  / / /

23

24

25

26

27

28

7

1
2

20.    <u>Schedule of Events</u>. The following events shall take place as indicated in the chart below:

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

| EVENT | DATE |
|---|---|
| Settlement Notice Date (the date Settlement Administrator must commence Class Notice) | Within 30 calendar days after the issuance of the Preliminary Approval Order |
| Claims Deadline (submission deadline for Claims) | 90 calendar days after the Notice Date |
| Objection Deadline (filing deadline for Objections) | 60 calendar days after the Notice Date |
| Exclusion Deadline (deadline to submit notice of intent to opt out) | 60 calendar days after the Notice Date |
| Motions for Attorneys' Fees, Reimbursement of Expenses, and Service Payments to be filed by Plaintiffs' Counsel | 14 court days prior to the Objection / Exclusion Deadline |
| Motion for Final Approval | 14 court days prior to Final Approval Hearing |
| Final Approval Hearing | Any date that is at least 130 days after the issuance of the Preliminary Approval Order |

24
25
26
27

21.    <u>Authority to Extend</u>. The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to the Settlement Class Members.  The Final Approval Hearing may, from time to time and without further notice to the Settlement Class, be continued by order of the Court.

28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL

22.    If, for any reason, the Settlement Notice Date does not or cannot commence at the time specified above, the Parties will confer in good faith and recommend a corresponding extension of the Claims Deadline and, if necessary, appropriate extensions to the Objection and Opt-Out deadlines, to the Court.

23.    <u>Notice to appropriate federal and state officials</u>.    The Settlement Administrator shall, within ten (10) calendar days of the entry of this Preliminary Approval Order, prepare and provide the notices required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), including, but not limited to, the notices to the United States Department of Justice and to the Attorneys General of all states in which Settlement Class members reside, as specified in 28 U.S.C. § 1715.  Class Counsel and counsel for Defendant shall cooperate in the drafting of such notices and shall provide the Settlement Administrator with any and all information in their possession necessary for the preparation of these notices.

24.    <u>Final Approval Hearing</u>. The Court shall conduct a Final Approval Hearing to determine final approval of the Agreement on _____ at _____ [am/pm] [a date no earlier than 130 days after the Preliminary Approval Order].  At the Final Approval Hearing, the Court shall address whether the proposed Settlement should be finally approved as fair, reasonable and adequate, and whether the Final Approval Order and Judgment should be entered; and whether Class Counsel's application for attorneys' fees, costs, expenses and service award should be approved.  Consideration of any application for an award of attorneys' fees, costs, expenses and service award shall be separate from consideration of whether or not the proposed Settlement should be approved, and from each other.  The Court will not decide the amount of any service award or Class Counsel's attorneys' fees until the Final Approval Hearing. The Final Approval Hearing may be adjourned or continued without further notice to the Class.

25.    <u>In the Event of Non-Approval</u>. In the event that the proposed Settlement is not approved by the Court, the Effective Date does not occur, or the Settlement

1    Agreement becomes null and void pursuant to its terms, this Order and all orders

2    entered in connection therewith shall become null and void, shall be of no further

3    force and effect, and shall not be used or referred to for any purposes whatsoever in

4    this civil action or in any other case or controversy before this or any other Court,

5    administrative agency, arbitration forum, or other tribunal; in such event the

6    Settlement and all negotiations and proceedings directly related thereto shall be

7    deemed to be without prejudice to the rights of any and all of the Parties, who shall

8    be restored to their respective positions as of the date and time immediately preceding

9    the execution of the Settlement.

10       26.   <u>Stay of Proceedings</u>. With the exception of such proceedings as are

11   necessary to implement, effectuate, and grant final approval to the terms of the

12   Settlement Agreement, all proceedings are stayed in this Action and all Settlement

13   Class members are enjoined from commencing or continuing any action or

14   proceeding in any court or tribunal asserting any claims encompassed by the

15   Settlement Agreement, unless the Settlement Class member timely files a valid notice

16   of intent to opt out as set forth in the Settlement Agreement.

17       27.   <u>No Admission of Liability</u>. By entering this Order, the Court does not

18   make any determination as to the merits of this case. Preliminary approval of the

19   Settlement Agreement is not a finding or admission of liability by Defendant.

20   Furthermore, the Settlement Agreement and any and all negotiations, documents, and

21   discussions associated with it will not be deemed or construed to be an admission or

22   evidence of any violation of any statute, law, rule, regulation, or principle of common

23   law or equity, or of any liability or wrongdoing by Defendant, or the truth of any of

24   the claims. Evidence relating to the Settlement Agreement will not be discoverable

25   or used, directly or indirectly, in any way, whether in this Action or in any other

26   action or proceeding before this or any other Court, administrative agency, arbitration

27   forum, or other tribunal, except for purposes of demonstrating, describing,

28

1  implementing, or enforcing the terms and conditions of the Agreement, this Order,

2  the Final Approval Order, and the Judgment.

3      28.    <u>Retention of Jurisdiction</u>. The Court retains jurisdiction over this Action

4  to consider all further matters arising out of or connected with the Settlement

5  Agreement and the settlement described therein.

6

7      **IT IS SO ORDERED.**

8

9

10  Dated: _____

                                    _____
11                                  HONORABLE JESUS G. BERNAL
                                    UNITED STATES DISTRICT
12                                  JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **EXHIBIT F**

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

8
9
10
11
12

| | |
|---|---|
| B.K., and N.Z., individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>EISENHOWER MEDICAL CENTER,<br><br>            Defendant. | Case No.: 5:23-cv-02092-JGB-DTB<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Hearing Information**<br>Date: _____, 2025<br>Time: 9:00 a.m.<br>Location: Courtroom 1<br><br>Complaint Filed: October 12, 2023<br>FAC Filed: April 22, 2024 |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WHEREAS, Plaintiffs' Motion for Final Approval of Class Action Settlement came on for hearing before this Court on _____, 2025, with Class Counsel Clarkson Law Firm, P.C. and Almeida Law Group LLC ("**Class Counsel**") appearing on behalf of Plaintiffs B.K. and N.Z ("**Settlement Class Representatives**" or "**Plaintiffs**"), and Baker & Hostetler LLP appearing on behalf of Eisenhower Medical Center ("**Defendant**") (collectively, the "**Parties**");

WHEREAS, on April 22, 2024, Settlement Class Representatives B.K. and N.Z filed their operative complaint in *B.K. et. al., v. Eisenhower Medical Center,* Case No. 5:23-cv-02092-JGB-DTB;

WHEREAS, Plaintiffs allege that Defendant systematically violated the medical privacy rights of its patients by exposing their highly sensitive personal information without knowledge or consent to Meta Platform Inc. d/b/a Facebook ("**Meta**" or "**Facebook**") and Google, via tracking and collection tools surreptitiously enabled on Defendant's website(s);

WHEREAS, Defendant denies Plaintiffs' claims, the material allegations of Plaintiffs' complaint, and that it is liable to Plaintiffs and the Settlement Class in any manner or amount whatsoever;

WHEREAS, the Parties have submitted their Settlement, as set forth in the Settlement Agreement dated February 17, 2025 (attached hereto as **Exhibit 1**), which this Court preliminarily approved on _____ (the "**Preliminary Approval Order**");

WHEREAS, the Preliminary Approval Order established a Claims Period concluding on _____;

WHEREAS, the Preliminary Approval Order established an Opt-Out Deadline and Objection Deadline of _____;

WHEREAS, in accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to or exclude themselves from its provisions;

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Doc ID: e3b1ac7bc5b8d175

1    WHEREAS, having received and considered the Settlement, all papers filed in

2    connection therewith, including Plaintiffs' Motion for Final Approval of Class Action

3    Settlement, Plaintiffs' Motion for Award of Attorneys' Fees and Costs, and Plaintiffs'

4    Motion for Approval of Service Awards, and the evidence and argument received by

5    the Court at the hearing before it entered the Preliminary Approval Order and at the

6    final approval hearing on _____, the Court HEREBY ORDERS and

7    MAKES DETERMINATIONS as follows:

8        1.    Incorporation of Other Documents. The Settlement Agreement, including

9    its exhibits, and the definitions of words and terms contained therein are incorporated

10   by reference in this Order. The terms of this Court's Preliminary Approval Order are

11   also incorporated by reference in this Order.

12       2.    Jurisdiction. This Court has jurisdiction over the subject matter of this

13   Action and over the Parties, including all members of the following Settlement Class

14   certified for settlement purposes in this Court's Preliminary Approval Order:

15               All identifiable individuals who logged into the EMC MyChart

16               patient portal, and/or submitted an online form and/or scheduled a

17               laboratory    appointment    on    EMC's    public    website

18               www.eisenhowerhealth.org, in the time frame of January 1, 2019,

19               to May 3, 2023.

20   Excluded from the Settlement Class are: (1) the presiding judges in this Action; (2) any

21   clerks of said judges; (3) Defendant; (4) any of Defendant's affiliates, parents,

22   subsidiaries, officers, and directors; and (5) any persons who timely opt-out of the

23   Settlement Class.

24       3.    Class Certification. The Court finds and determines that the Settlement

25   Class, as defined in the Settlement Agreement and above, meets all of the legal

26   requirements for class certification for settlement purposes under Fed. R. Civ. P. 23(a),

27   (b)(2), and b(3), and it is hereby ordered that the Class is finally certified for settlement

28   purposes.

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

4.    Pursuant to the Settlement Agreement, and for settlement purposes only, the Court finds as to the Settlement Class with respect to all aspects of the Settlement Agreement except the provisions of section V thereof that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that:

      a.  The Settlement Class is so numerous that joinder of all members is impracticable;

      b.  There are questions of law or fact common to the Settlement Class;

      c.  The claims of the Settlement Class Representatives are typical of the claims of the Settlement Class;

      d.  The Settlement Class Representatives B.K. and N.Z., have fairly and adequately protected the interests of the Settlement Class and are, therefore, appointed as Settlement Class Representatives;

      e.  Clarkson Law Firm, P.C. and Almeida Law Group LLC have fairly and adequately protected the interests of the Settlement Class and are qualified to represent the Settlement Class and are, therefore, appointed as Class Counsel;

      f.  The questions of law and fact common to the Settlement Class predominate over the questions affecting only individual members; and

      g.  A class action is superior to other available methods for fairly and efficiently adjudicating the controversy

5.    Pursuant to the Settlement Agreement, and for settlement purposes only, for purposes of the non-monetary relief specified in section V of the Settlement Agreement, the Court further finds as to the Settlement Class that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(2) have been satisfied in that:

      a.  The Settlement Class is so numerous that joinder of all members is impracticable;

      b.  There are questions of law or fact common to the Settlement Class;

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Doc ID: e3b1ac7bc5b8d175

c.  The claims of the Settlement Class Representatives are typical of the claims of the Settlement Class;

d.  The Settlement Class Representatives B.K. and N.Z., and Class Counsel have fairly and adequately protected the interests of the Settlement Class;

e.  Defendant has acted or refused to act on grounds generally applicable to the Settlement Class, thereby making appropriate final injunctive relief with respect to the Settlement Class as a whole.

6.  <u>Adequate Representation</u>. The Court orders that Settlement Class Representatives B.K. and N.Z. are appointed as the Settlement Class Representatives. The Court also orders that Ryan J. Clarkson, Yana Hart and Bryan P. Thompson of Clarkson Law Firm, P.C., and Matthew J. Langley of Almeida Law Group LLC are appointed as Class Counsel. The Court finds that the Settlement Class Representatives and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members in accordance with Fed. R. Civ. P. 23.

7.  <u>Arms-Length Negotiations</u>. The Court finds that the proposed Settlement is fair, reasonable, and adequate based on the value of the Settlement, and the relative risks and benefits of further litigation. The Settlement was arrived at after sufficient investigation and discovery and was based on arms-length negotiations, including a full day mediation.

8.  <u>Settlement Class Notice</u>. The Court directed that notice be given to Settlement Class Members by e-mail, mail, and/or other means pursuant to the Notice Program proposed by the Parties in the Settlement and approved by the Court. The declaration from Settlement Administrator EAG Gulf Coast, LLC attesting to the dissemination of notice to the Settlement Class demonstrates compliance with this Court's Order Granting Preliminary Approval of Class Settlement. The Notice Program set forth in the Settlement successfully advised Settlement Class members of the terms of the Settlement, the Final Approval Hearing, and their right to appear at such hearing;

their rights to remain in or opt out of the Settlement Class and to object to the Settlement; the procedures for exercising such rights; and the binding effect of the Judgment herein.

9.    The Court finds that distribution of the Class Notice constituted the best notice practicable under the circumstances, and constituted valid, due, and sufficient notice to all members of the Settlement Class. The Court finds that such notice complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable laws. The Class Notice informed the Settlement Class of: (1) the terms of the Settlement; (2) their right to submit objections, if any, and to appear in person or by counsel at the final approval hearing and to be heard regarding approval of the Settlement; (3) their right to request exclusion from the Settlement Class and the Settlement; and (4) the location and date set for the final approval hearing. Adequate periods of time were provided by each of these procedures.

10.    The Court finds and determines that the Notice Program carried out by EAG Gulf Coast LLC afforded adequate protections to Settlement Class members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of the Settlement Class members. The Court finds and determines that the Class Notice was the best notice practicable, and has satisfied the requirements of law and due process.

11.    <u>Settlement Class Response</u>. A total of _____ Settlement Class Members submitted Approved Claims, and there have been ____ Objections to the Settlement (defined below) and ____ Requests for Exclusion.

    a.    [After careful consideration, the Court hereby overrules Objector X's Objection for the reasons stated on the record.]/[No Objections were received to the Settlement. This positive reaction by the Settlement Class demonstrates the strength of the Settlement.]

    b.    [The Court also hereby orders that each of the individuals appearing on the list annexed hereto as Exhibit A who submitted valid Requests for

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Exclusion are excluded from the Settlement Class. Those individuals will not be bound by the Settlement Agreement, and neither will they be entitled to any of its benefits.]/[No Settlement Class members opted out of the Settlement. This positive reaction by the Settlement Class demonstrates the strength of the Settlement.]

12.    <u>Final Settlement Approval</u>. The Court hereby finally approves the Settlement Agreement, the exhibits, and the Settlement contemplated thereby, including but not limited to all releases contained within the Settlement Agreement, and finds that the terms constituted, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class members in accordance with Fed. R. Civ. P. 23 and direct consummation pursuant to its terms and conditions.

13.    The Court finds that the Settlement Agreement provides meaningful monetary benefits to the Settlement Class as follows: Defendant agreed to provide cash benefits from a gross Settlement Fund of $875,000 (eight hundred seventy-five thousand dollars).

14.    The Court finds that the Settlement Agreement also provides meaningful equitable relief to the Settlement Class as follows:

Defendant shall create and maintain a Web Governance Committee to assess the implementation and use of analytics and advertising technologies on the Website to evaluate whether such use is consistent with Defendant's mission and applicable law. While continuing to deny liability, Defendant agrees that for two (2) years following final approval of the Settlement, Defendant shall not use the Meta Pixel or Google Analytics source code on its Website unless the Web Governance Committee makes the requisite determination under 45 CFR § 164.514(b)(1) and Defendant makes an affirmative disclosure posted on the webpage(s) on its Website that the tool(s) is/are being used on the Website, by name. ("Equitable Relief")

7
[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

15.    The Court finds that the Settlement is fair when compared to the strength of Plaintiffs' case, Defendant's defenses, the risks involved in further litigation and maintaining class status throughout the litigation, and the amount offered in settlement.

16.    The Court finds that the Parties conducted extensive investigation and research, and that their attorneys were able to reasonably evaluate their respective positions.

17.    The Court finds that Class Counsel has extensive experience acting as counsel in complex class action cases and their view on the reasonableness of the Settlement was therefore given its due weight.

18.    The Court hereby grants final approval to and orders the payment of those amounts to be made to the Settlement Class Members in accordance with the terms of the Settlement Agreement. The Court finds and determines that the Cash Compensation Payments to be paid to each Settlement Class Member as provided for by the Settlement are fair and reasonable.

19.    The Court further finds that the Settlement Class's reaction to the Settlement weighs in favor of granting Final Approval of the Settlement.

20.    The Settlement Agreement is not an admission of liability by Defendant, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant. Neither this Order, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.

21.    Based upon claims received as of the date of this Order, the Parties expect approximately $_____ of the gross settlement fund to be available for *cy pres* distribution to appropriate charitable organizations identified by the parties and approved by the Court. The Court hereby approves awards of [insert details of *cy pres* awards]. The Parties may adjust these awards upwards or downwards as necessary to fully exhaust (but not exceed) the amounts available for distribution after payment of all other settlement expenses, without further Order of the Court.

Doc ID: e3b1ac7bc5b8d175

22. <u>Attorneys' Fees and Costs; Service Awards</u>. The Court approves payment of attorneys' fees to Class Counsel in the amount of $_____ plus their costs of $_____. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees and costs, finds the award of attorneys' fees and costs fair, adequate, and reasonable, and the Court notes that the class notice specifically and clearly advised the class that Class Counsel would seek the award.

23. In making this award of attorneys' fees and costs, the Court has further considered and found that:

    a. The Settlement Agreement created a Total Settlement Fund of $875,000.00 in cash for the benefit of the Settlement Class pursuant to the terms of the Settlement Agreement;

    b. Defendants will implement the Equitable Relief set forth in Paragraph 14 above;

    c. Settlement Class Members who submitted valid claims will obtain a monetary benefit from of the efforts of the Class Counsel and the Settlement Class Representatives;

    d. The fee sought by the Class Counsel is fair and reasonable and based on the fees incurred by Class Counsel;

    e. Class Counsel have prosecuted the action with skill, perseverance, and diligence, as reflected by the Settlement Fund, and the positive reaction to the Settlement Agreement by the Settlement Class;

    f. This Action involved complex factual and legal issues that were extensively researched and developed by the Class Counsel;

    g. Class Counsel's rates are fair, reasonable, and consistent with rates accepted within this jurisdiction for complex consumer class action litigation;

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Doc ID: e3b1ac7bc5b8d175

h.  Had the Settlement not been achieved, a significant risk existed that Plaintiffs and the Settlement Class Members may have recovered significantly less or nothing from Defendant; and

i.  The amount of attorneys' fees awarded and expenses reimbursed are appropriate to the specific circumstances of this action.

24.  Defendant shall not be liable for any additional fees or expenses for Class Counsel or counsel of any Class Representative or Settlement Class Member in connection with the Action beyond those expressly provided in the Settlement Agreement.

25.  The attorneys' fees and costs set forth in this Order shall be paid and distributed in accordance with the terms of the Settlement Agreement.

26.  The Court approves the Service Award payments of $_____ to each Settlement Class Representative, B.K. and N.Z., and finds such amounts to be reasonable in light of the services performed by Plaintiffs for the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. This Service Award is justified by: (1) the risks the Settlement Class Representatives faced in bringing this lawsuit, financial and otherwise; (2) the amount of time and effort spent on this action by the Settlement Class Representatives; and (3) the benefits the Settlement Class Representatives helped obtain for the Settlement Class Members under the Settlement.

27.  The Court finds that the Settlement Administrator, EAG Gulf Coast, LLC, is entitled to recover costs from the Settlement Fund in the amount of $_____ for settlement administration.

28.  Dismissal. The Action is hereby DISMISSED WITH PREJUDICE, on the merits, by Plaintiffs and all Settlement Class Members as against Defendant on the terms and conditions set forth in the Settlement Agreement without costs to any party, except as expressly provided for in the Settlement Agreement.

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Doc ID: 86fa57c75b8b9675a6b6c5440d00361ad6005f82

29.  <u>Release</u>. Upon the Effective Date as defined in the Settlement Agreement, the Settlement Class Members shall be deemed to have, and by operation of the Judgment herein shall have, unconditionally, fully, and finally released and forever discharged the Released Persons from all Released Claims.

30.  <u>Injunction Against Released Claims</u>. Each and every Settlement Class Member shall be enjoined from prosecuting, respectively, the Plaintiffs' Released Claims and the Released Class Claims, in any proceeding in any forum against any of the Released Persons or based on any actions taken by any Released Persons authorized or required by this Settlement Agreement or the Court or an appellate court as part of this Settlement.

31.  <u>No Admission of Liability</u>. The Settlement Agreement and any and all negotiations, documents, discussions and actions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability, wrongdoing or omission by Defendant, or the truth of any of the claims before any court, administrative agency, arbitral forum or other tribunal. Evidence relating to the Agreement will not be discoverable or admissible, directly or indirectly, in any way, whether in this Action or in any other action or proceeding before any court, administrative agency, arbitral forum or other tribunal, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order, or this Order.

32.  <u>Findings for Purposes of Settlement Only</u>. The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

33.  <u>Effect of Termination or Reversal</u>. If for any reason the Settlement terminates or Final Approval is reversed or vacated, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Settlement Class Representatives to assert any right or position that could have been

asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. In such an event, the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes will not be considered as a factor in connection with any subsequent class certification issues.

34.    <u>Settlement as Defense</u>. In the event that any provision of the Settlement or this Final Order is asserted by Defendant as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement and are ordered in aid of this Court's jurisdiction and to protect its judgment.

35.    <u>Retention of Jurisdiction</u>. Without affecting the finality of the Judgment and Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

36.    Nothing in this Order shall preclude any action before this Court to enforce the Parties' obligations pursuant to the Settlement Agreement or pursuant to this Order, including the requirement that Defendant make payments to participating Settlement Class Members in accordance with the Settlement.

Doc ID: e3b1ac7bc5b8d175

1    37.    The Parties and the Settlement Administrator will comply with all

2    obligations under the Settlement Agreement until the Settlement is fully and finally

3    administered.

4    38.    The Parties shall bear their own costs and attorneys' fees except as

5    otherwise provided by the Settlement Agreement and this Court.

6    39.    <u>Entry of Judgment</u>. The Court finds, pursuant to Rules 54(a) and (b) of the

7    Federal Rules of Civil Procedure, that Final Judgment ("Judgment") should be entered

8    and that there is no just reason for delay in the entry of the Judgment, as Final Judgment,

9    as to Plaintiffs, the Settlement Class Members, and Defendant.

10

11    **IT IS SO ORDERED.**

12

13    Dated:_____                    _____

14                                              HON. JESUS G. BERNAL
                                                UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Doc ID: e3b1ac7bc5b8d175

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11

B.K., and N.Z., individually and on behalf of all others similarly situated,

12

Plaintiffs,

13

14

v.

15

EISENHOWER MEDICAL CENTER,

16

Defendant.

17

Case No.: 5:23-cv-02092-JGB-DTB

**[PROPOSED] FINAL JUDGMENT**

**Hearing Information**
Date: _____, 2025
Time: 9:00 a.m.
Location: Courtroom 1

Complaint Filed: October 12, 2023
FAC Filed: April 22, 2024

18

19

20

21

22

23

24

25

26

27

28

# [PROPOSED] FINAL JUDGMENT

For the reasons set forth in this Court's Final Approval Order, in the above-captioned matter as to the following class of persons:

> All identifiable individuals who logged into the EMC MyChart patient portal, and/or submitted an online form and/or scheduled a laboratory appointment on EMC's public website www.eisenhowerhealth.org, in the time frame of January 1, 2019, to May 3, 2023.

Excluded from the Settlement Class are: (1) the presiding judges in this Action; (2) any clerks of said judges; (3) Defendant; (4) any of Defendant's affiliates, parents, subsidiaries, officers, and directors; and (5) any persons who timely opt-out of the Settlement Class.

**JUDGMENT IS HEREBY ENTERED**, pursuant to Federal Rule of Civil Procedure 58, as to the above-specified class of persons and entities, Plaintiffs B.K. and N.Z. (collectively "Plaintiffs" or "Settlement Class Representatives") and Defendant Eisenhower Medical Center ("Defendant") on the terms and conditions of the Class Action Settlement Agreement (the "Settlement Agreement") approved by the Court's Final Approval Order, dated _____.

1.    The Court, for purposes of this Final Judgment, adopts the terms and definitions set forth in the Settlement Agreement incorporated into the Final Approval Order.

2.    All Released Claims of the Settlement Class Members are hereby released as against Defendant and the Released Persons, as defined in the Settlement Agreement.

3.    The claims of Plaintiffs and the Settlement Class Members are dismissed with prejudice in accordance with the Court's Final Approval Order.

4.    The Parties shall bear their own costs and attorneys' fees, except as set forth in the Final Approval Order.

2

1     5.    This Judgment adopts and incorporates the reasonable attorneys' fees,

2  costs, and service awards as set forth in the Final Approval Order.

3     6.    This document constitutes a final judgment and separate document for

4  purposes of Federal Rule of Civil Procedure 58(a).

5     7.    The Court finds, pursuant to Rule 54(a) of the Federal Rules of Civil

6  Procedure, that this Final Judgment should be entered and that there is no just reason

7  for delay in the entry of this Final Judgment as to Plaintiffs, the Settlement Class

8  Members, and Defendant. Accordingly, the Clerk is hereby directed to enter Judgment

9  forthwith.

**IT IS SO ORDERED.**

**JUDGMENT ENTERED** this ⬜⬜⬜⬜⬜.

_____
HON. JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE